UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. HARDWICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:18-cv-1185 |
| | ) | |
| v. | ) | Judge Sargus |
| | ) | |
| 3M COMPANY, et al., | ) | Magistrate Judge Deavers |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS ARCHROMA MANAGEMENT LLC'S AND DAIKIN INDUSTRIES, LTD.'S MOTION TO RECONDIER DENIAL OF MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Archroma Management LLC ("AMLLC") and Daikin Industries, Ltd. ("DIL") respectfully submit this Motion to Reconsider the Court's denial (Doc. #128) of each foreign company's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #69, #82). A supporting memorandum is attached.

Dated: October 28, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Theodore M. Grossman* | */s/ Eric P. Gotting* |
| Theodore M. Grossman (0037591) | Eric P. Gotting |
| (*Trial Attorney*) | *Admitted Pro Hac Vice* |
| Jones Day | Keller and Heckman LLP |
| 250 Vesey Street | 1001 G Street NW, Suite 500 West |
| New York, NY 10281 | Washington, D.C. 20001 |
| Phone: (212) 326-3939 | Phone: (202) 434-4100 |
| Facsimile: (212) 755-7306 | Facsimile: (202) 434-4646 |
| tgrossman@jonesday.com | gotting@khlaw.com |
| | |
| James R. Saywell (0092174) | Ronald S. Kopp (0004950) (*Trial Attorney*) |
| Jones Day | Jessica A. Lopez (0090508) |
| North Point | Roetzel & Andress |
| 901 Lakeside Avenue East | 222 South Main Street, Suite 400 |
| Cleveland, Ohio 44114-1190 | Akron, OH 44308 |
| Phone: (216) 586-3939 | Phone: (330) 849-6644 |
| Facsimile: (216) 579-0212 | Facsimile: (330) 376-4577 |
| jsaywell@jonesday.com | rkopp@ralaw.com |
| | jlopez@ralaw.com |
| | |
| *Counsel for Daikin Industries, Ltd.* | *Counsel for Archroma Management LLC* |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. HARDWICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:18-cv-1185 |
| | ) | |
| v. | ) | Judge Sargus |
| | ) | |
| 3M COMPANY, et al., | ) | Magistrate Judge Deavers |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS ARCHROMA MANAGEMENT LLC'S AND DAIKIN INDUSTRIES, LTD.'S MOTION TO RECONDIER DENIAL OF MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Archroma Management LLC ("AMLLC") and Daikin Industries, Ltd. ("DIL") respectfully submit this Motion to Reconsider the Court's denial of each foreign company's Motion to Dismiss for Lack of Personal Jurisdiction.

On September 30, 2019, this Court issued an Opinion and Order ("Order") (Doc. #128) finding that Plaintiff Kevin Hardwick had, at least at this point in the litigation, established personal jurisdiction over AMLLC and DIL. This Court denied the companies' Fed. R. Civ. P. 12(b)(2) motions to dismiss (Docs. #69, #82), citing three narrow grounds: (i) AMLLC and DIL failed to deny jurisdictional allegations going back the entire 40 years that Mr. Hardwick alleges he was exposed to per- and polyfluoroalkyl substances (collectively "PFAS"); (ii) Plaintiff's allegations in the Amended Complaint, even if controverted by AMLLC and DIL in sworn affidavits, were sufficient standing alone to establish a *prima facie* case of personal jurisdiction; and (iii) the defendants subjected themselves to jurisdiction in Ohio because they placed PFAS materials into the stream of commerce (or as Plaintiff put it, "released it into the world").

With greatest respect, however, none of those grounds supports jurisdiction. *First*, each company has expressly denied engaging in any activities over the past 40 years that might give rise to personal jurisdiction. *Second*, the Court misapplied Sixth Circuit law governing how Rule 12(b)(2) motions must be considered; controlling precedent prohibits a plaintiff from relying solely on unsworn pleadings when faced with declarations filed by the defendant that controvert jurisdictional allegations. *Third*, the Court erroneously concluded, again contrary to clear Sixth Circuit law, that simply placing a product into the stream of commerce, in the absence of any additional contacts with the forum state, permits the exercise of personal jurisdiction.

Accordingly, AMLLC and DIL respectfully request that this Court reconsider its Order and grant their Rule 12(b)(2) motions to dismiss.

## BACKGROUND

Plaintiff brings a national class action against AMLLC and DIL, as well as other corporate defendants, alleging that he was exposed to products containing PFAS substances that were, among other things, produced and sold by these companies. Am. Compl. at ¶ 1. He maintains that while working as a firefighter he was exposed to PFAS through the use of firefighting foams and equipment/gear coated with PFAS materials. Am. Compl. at ¶ 4. The Amended Complaint also asks the Court to certify a nationwide class of individuals who have detectable levels of PFAS compounds in their blood serum. Am. Compl. at 31.

Mr. Hardwick does not have much to say, however, as to AMLLC and DIL specifically. He alleges that AMLLC is a Swiss company with its principal place of business in Reinach, Switzerland. Am. Compl. at ¶ 11. He claims that DIL is a Japanese corporation with its headquarters located in Osaka, Japan. Am. Compl. at ¶ 21. As to both companies, Mr. Hardwick generally maintains that they conduct business throughout the United States, including

Ohio. Am. Compl. at ¶¶ 11, 21. Then, in boilerplate fashion, he alleges that AMLLC and DIL "marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. at ¶¶ 12, 22. But the Amended Complaint fails to offer any specific facts showing that either company engaged in such activities. Instead, he asserts in summary fashion that all defendants collectively placed PFAS into the stream of commerce and otherwise engaged in acts or omissions that resulted in elevated PFAS levels in the blood stream of Plaintiff and others.

In response, AMLLC and DIL filed motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). As relevant to the instant motion, each company submitted an affidavit controverting Mr. Hardwick's jurisdictional allegations in the Amended Complaint and establishing that neither defendant has had any contacts with the State of Ohio sufficient to establish personal jurisdiction in this Court. Importantly, AMLLC expressly stated that it was only founded in 2013 and that the company, in fact, has never designed or manufactured any PFAS products, whether for Ohio consumers or any other market. Furrer Decl. at ¶¶ 3, 8 (Doc. #69-1). Similarly, DIL stated that it does not distribute or sell PFAS-containing products in Ohio (Oda Decl. at ¶¶ 9, 13) (Doc. #82-1), and in a supplemental affidavit has made clear that it has not engaged in any activities that might result in the exercise of personal jurisdiction over any of the last 40 years (Oda Second Decl. at ¶¶ 6-18) (Ex. A).

In the Order, however, this Court denied the motions to dismiss submitted by AMLLC and DIL. After recognizing that both companies had supported their motions with affidavits factually challenging the allegations in the Amended Complaint, the Court made a "threshold determination" that personal jurisdiction exists as to AMLLC and DIL.

3

*First*, the Court stated that the affidavits failed to deny that the companies or their predecessors had "engaged in any of the activities alleged in the Amended Complaint during the 40 years that Mr. Hardwick alleges he was subjected to their PFAS in Ohio." Order at 33-34; *see also id.* at 34 ("Additionally, the Court notes that these declarations do not factually challenge Plaintiff's allegations that these Defendants' contacts with Ohio led to his exposure to PFAS in Ohio over the last 40 years.").[1] The Court then said that even if AMLLC and Daikin had challenged all conduct alleged by Plaintiff, it was "not permitted to 'weigh the controverting assertions of the party seeking dismissal.'" Order at 34 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). According to the Court, it was enough to rely on allegations set forth in the Amended Complaint, notwithstanding the fact that Mr. Hardwick did not submit any affidavit or other evidence in response to the companies' declarations. *Id.* at 34-35.

*Second*, the Court pointed to a single allegation – one that does not appear in the Amended Complaint but rather as an unsworn statement in opposing counsel's opposition brief – that the Court believes also establishes personal jurisdiction. That allegation states:

> [T]he Defendants manufactured PFAS and released it into the world – no one else is responsible for the PFAS existing and spreading across the world because it is not naturally occurring and only Defendants manufacture it; PFAS contamination exists in Ohio; PFAS contamination exists in Mr. Hardwick. There is no other plausible explanation for how Mr. Hardwick and his class members have become contaminated by PFAS except by the actions of these Defendants.

Order at 34 (citing Pl's Mem. In Opp. at 36-37) (Doc. #94).

## STANDARD OF REVIEW

It is well-recognized that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v.*

---

[1] We note that Plaintiff did not make any allegations or submit any evidence regarding predecessor liability, if any, that would require a response from the defendants.

4

*Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citation omitted); *see also Harrington v. Ohio Wesleyan Univ.*, 2008 U.S. Dist. LEXIS 3411, at *2-3 (S.D. Ohio 2008) ("District courts have authority both under common law and Federal Rule of Civil Procedure 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.") (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 2004 U.S. App. LEXIS 2067, at *26 (6th Cir. 2004)). Indeed, a "district court may modify, or even rescind, such interlocutory orders." *Mallory*, 922 F.2d at 1282; *see also Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 2004 U.S. App. LEXIS 27207, at *8 (6th Cir. 2004) (citation omitted); *Brown v. Voorhies*, 2011 U.S. Dist. LEXIS 127416, at *2 (S.D. Ohio 2011) (citing *Rodriguez*).

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 2004 U.S. App. LEXIS 2067, at *26-27 (citation omitted); *see Clark v. Spahr*, 2008 U.S. Dist. LEXIS 57744, at *2-3 (S.D. Ohio 2008) (citing *Rodriguez*). As discussed below, the third factor is implicated here with regard to: (i) AMLLC's and DIL's controverting affidavits; (ii) the Sixth Circuit's well-established procedure for evaluating personal jurisdiction motions when the defendant (but not the plaintiff) submits a sworn affidavit or evidence regarding jurisdictional facts; and (iii) the Sixth Circuit's treatment of jurisdictional claims based on mere stream of commerce allegations.

## ARGUMENT

**I.  Sixth Circuit Precedent Prohibits Plaintiff From Establishing Personal Jurisdiction Based On Mere Unsworn Pleadings Or Counsel's Statements When Faced With Defendants' Contravening Affidavits**

The Court began by citing two impediments to dismissal, one factual and one legal:  First the Court held that the defendants did not *in fact* challenge Hardwick's jurisdiction-related

5

allegations. And second it held that even if the defendants did, Hardwick's allegations legally sufficed at this stage of the case. Respectfully, this Court should reconsider each holding.

As a factual matter, the moving defendants *do* squarely and unequivocally "challenge Plaintiffs' allegations that these Defendants' contacts with Ohio led to his exposure to PFAS in Ohio over the last 40 years." Order at 34. These defendants had no contacts whatsoever with Ohio that could have possibly led to *anyone's* PFAS exposure in this State. When it comes to DIL, Mr. Yoshiro Oda has prepared a supplemental affidavit declaring under penalty of perjury that, "[a]t least for the past 40 years," the company has not done anything that Mr. Hardwick alleges it has done with respect to PFAS in Ohio – it did not manufacture the substances here, did not ship them here, did not use them here, and so on. Oda Second Decl. ¶¶ 6-18 (a signature page will be forwarded to the Court promptly). And when it comes to Archroma, Mr. Marcos Furrer stated that the company was not even formed until 2013, thus making it clear that it could have not engaged in any alleged activities prior to that date. Furrer Decl. at ¶ 3.

That leaves only this Court's legal holding that, "even if the declarations did factually challenge" Hardwick's jurisdictional allegations, "the Court is not permitted to 'weigh the controverting assertions of the party seeking dismissal.'" Order at 34 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). This Court held, in other words, that Hardwick's allegations from his Amended Complaint (and restated in his brief) neutralized the moving defendants' sworn declarations, at least at this stage of the case. Order at 34-35.

That holding, however, is erroneous, and clearly so. The Sixth Circuit has held – indeed in an opinion issued just days before this Court's opinion denying the Rule 12(b)(2) motions – that when a defendant "submit[s] affirmative evidence showing that the court lacked jurisdiction over [it], mere allegations of jurisdiction are not enough." *Parker v. Winwood*, 938 F.3d 833,

6

839-40 (6th Cir. 2019). A defendant's "submission of affidavits shift[s] [the plaintiff]'s burden of proof"; the plaintiff "c[an]not rely on [his] complaint" but must instead "by affidavit or otherwise[] set forth specific facts showing that the court had jurisdiction." *NTCH-W. Tenn, Inc. v. ZTE Corp.*, 761 F. App'x 485, 487 (6th Cir. 2019).

This is longstanding and well-established precedent. As early as 1974, the Sixth Circuit held that "[w]here a motion to . . . dismiss is filed, supported by affidavits, the non-moving party may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction. In this respect the rule is similar to a motion for summary judgment." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974). The Sixth Circuit has followed this binding precedent many times in the intervening 45 years. *See, e.g.*, *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Flake v. Schrader-Bridgeport Int'l, Inc.*, 538 F. App'x 604, 616–17 (6th Cir. 2013); *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 523 (6th Cir. 2006). Your Honor, too, has recited this rule. "If the defendant supports its Rule 12(b)(2) motion to dismiss by affidavit," the "plaintiff by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Kinda Wood USA, LLC v. MGV Enterprises LLC*, 2008 WL 4425528, at *3 (S.D. Ohio Sept. 30, 2008) (quotation marks omitted).

The upshot of this binding rule is this: when the defendants submit a declaration refuting the plaintiff's allegations on personal jurisdiction – as they did here – the plaintiff cannot rest on the allegations from his complaint but must instead put forth evidence showing "specific facts" on personal jurisdiction, just as a plaintiff would on "a motion for summary judgment." *Weller*, 504 F.2d at 929–30.

7

The case this Court cited in response, *CompuServe*, did not somehow implicitly overrule all of this binding case law, as this Court seemed to suggest. *CompuServe* held only that, *when there is competing evidence on jurisdiction*, "the Court is not permitted to 'weigh the controverting assertions of the party seeking dismissal.'" Order at 34 (quoting *CompuServe*, 89 F.3d at 1262); *see also, e.g.*, *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) ("the pleadings *and affidavits submitted* must be viewed in a light most favorable to the plaintiff" (emphasis added)). But that does not change *Weller*'s seminal holding, reaffirmed by many Sixth Circuit cases after *CompuServe*, that when the defendant submits a declaration or some other affirmative evidence, "mere allegations of jurisdiction are not enough." *Parker*, 938 F.3d at 839-40. Indeed, *CompuServe* itself limited its rule to the "procedural posture" presented there – where *both* parties had submitted affidavits. *See* 89 F.3d at 1262; *see also CompuServe*, Appellant's Br. at *1-2, 1995 WL 17846043 (citing plaintiff's affidavits).

Nor does stray language in *CompuServe* or cases like it implicitly overrule the Sixth Circuit's 45-year-old rule that a plaintiff must come forward with evidence in the face of a defendant's jurisdiction-refuting declaration. It is true that a defendant cannot "regularly avoid[] personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe*, 89 F.3d at 1262. And that is why a court may not "weigh the controverting assertions" in such an affidavit against the plaintiff's evidence of jurisdiction; at this stage of the case, the court should instead accept the plaintiff's evidence. *Id.* But that standard *assumes* that the plaintiff has actually offered evidence to weigh against the defendant's declaration. If the plaintiff has not – if, that is, the plaintiff rests on the "bald written allegation[s] of jurisdictional facts" – there is no evidence against which to "weigh." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

8

The plaintiff's burden after the defendant submits evidence thus "quite properly increases": "[H]e must now *establish* that jurisdiction exists by the same standard that would obtain if the matter were deferred to *trial*: the preponderance of the evidence." *Id.* (emphasis added). The plaintiff, of course, cannot meet that standard with no evidence at all. And that is precisely what Hardwick has – no evidence, only the "written allegation[s] of jurisdictional facts," *id.* – "not enough" to show personal jurisdiction over these defendants under binding Sixth Circuit law. *Parker*, 938 F.3d at 839–40.

This Court at one point seemed to suggest that Hardwick *did* "otherwise set forth" facts sufficient to neutralize the moving defendants' declarations – by restating the allegations from his Amended Complaint in his opposition brief. Order at 34. But that impermissibly relies only on the allegations in the pleadings, and thus is not the kind of evidence this Court can credit against the moving defendants' declarations. *See ZTE Corp.*, 761 F. App'x at 487. An assertion in an opposition brief does not even rise to the level of an *allegation* in a complaint. *Johnson v. Metro. Gov't of Nashville & Davidson Cty.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34). Far less, then, can it count as the evidence sufficient to rebut a sworn declaration. *See, e.g.*, *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 583 (6th Cir. 2016) ("unsubstantiated assertions are not evidence"); *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("[a]rguments in parties' briefs are not evidence"). To the extent this Court held that Hardwick had met the *Weller* requirement by "otherwise" "set[ting] forth" facts in his opposition brief, therefore, that ruling, too, would be clearly erroneous. Order at 34. Indeed, *Weller* itself compares its rule to "the rule [for] a motion for summary judgment," 504 F.2d at 930, and a statement in a brief cannot possibly create a *genuine* dispute of material fact, *see, e.g.*, *EEOC v. Ford Motor Co.*, 782 F.3d 753, 760–61 (6th Cir. 2015) (en banc).

9

Under this binding authority, this Court must credit the moving defendants' *unrebutted* sworn declarations and dismiss these defendants on that basis. These defendants have submitted "affirmative evidence showing that the court lack[s] jurisdiction over [them]," meaning that – under Sixth Circuit case law (including from a month ago) – Hardwick's "mere allegations of jurisdiction are not enough." *Parker*, 938 F.3d at 839–40. Based on this clear precedent, this Court should reconsider its holding that the Plaintiff's allegations, restated in his brief, suffice to show personal jurisdiction over these defendants. Respectfully, they do not, and cannot.

**II.     The Sixth Circuit Has Adopted The "Stream of Commerce Plus" Approach, Which Prevents This Court From Exercising Personal Jurisdiction Where The Defendant Has Done Nothing More Than Introduce A Product Into The U.S. Marketplace**

After noting that Plaintiff had failed to submit an affidavit in response to the Rule 12(b)(2) motions to dismiss, this Court nevertheless pointed out that Mr. Hardwick's counsel, in their opposition brief, had argued that the "Defendants manufactured PFAS and released it into the world." Order at 34 (quoting Pl's Mem. In Opp. at 36-37). Counsel went on to say that only the defendants in this case produced PFAS materials and were therefore responsible for "spreading [the substances] across the world," including Ohio. *Id.* This falls well short of any factual basis required to exercise personal jurisdiction.

Even if counsel's "allegation" could be appropriately considered by this Court (which, as discussed above, it cannot), the Sixth Circuit has made clear that simply alleging the defendant placed a product into the stream of commerce, without showing a specific intent to serve the forum's market, is insufficient. In *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 480 (6th Cir. 2003), the Sixth Circuit formerly adopted the "stream of commerce plus" approach set forth in the Supreme Court's plurality decision in *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987). The Supreme Court had previously found that due process

10

requires more than "mere foreseeability or awareness" that a product might find its way into the forum's marketplace. *Id.* at 111-12. The plaintiff must also demonstrate:

> an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

*Id.* at 112.

Indeed, this "plus" requirement is critical to guaranteeing that a foreign defendant may be constitutionally haled into court. The federal Due Process Clause demands, in part, that the defendant engage in "some overt actions connecting the defendant with the forum state." *Bridgeport Music*, 327 F.3d at 478-79 (citation omitted). "Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as the prime generating cause of the effects resulting in [the forum state], something more than passive availment of [the forum state's] opportunities." *Id.* at 478 (citation and internal quotations omitted) (brackets in original). Without such a showing, defendants with no connections to the forum, as is the case here, risk being dragged into court based on "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (citation and internal quotations omitted).

Since *Bridgeport Music* was issued almost two decades ago, both the Sixth Circuit and this Court have repeatedly applied the "stream of commerce plus" approach when addressing personal jurisdiction. *See, e.g.*, *Palnik v. Westlake Entm't, Inc.*, 2009 U.S. App. LEXIS 19417, at *5 (6th Cir. 2009); *Smith v. Home Depot USA, Inc.*, 2008 U.S. App. LEXIS 19858, at *9 (6th Cir. 2008); *Dolce & Gabbana Trademarks S.R.L. v. TXT Enters.*, 2016 U.S. Dist. LEXIS 30262, at *6 (S.D. Ohio 2016); *Alig-Mielcarek v. Jackson*, 2014 U.S. Dist. LEXIS 8569, at *12-13 (S.D.

11

Ohio 2014) (Sargus, J.); *Roll v. Dimension Films, L.L.C.*, 2006 U.S. Dist. LEXIS 4667, at *11-15 (S.D. Ohio 2006). In fact, just last month the Sixth Circuit reaffirmed this approach in *Parker*, 2019 U.S. App. LEXIS 27902, at *16-17 (citing *Asahi* and stating that "[u]nder that theory, for a defendant to purposefully avail himself of the privilege of acting within a forum state, he must do more than merely place a product into the stream of commerce.").

The Sixth Circuit's decision in *Smith v. Home Depot* is particularly relevant. There, a German defendant had designed a defective ladder and created a U.S. manufacturing and distribution subsidiary to sell the ladder nationally. 2008 U.S. App. LEXIS 19858, at *3-4. Specifically, there was a licensing agreement to sell the ladders in "North and South America." *Id.* at *3. Not surprisingly, the president of both companies testified that he knew the ladders would likely be marketed and sold in the United States, including the forum state of Tennessee. *Id.* at 10. But even here, the Sixth Circuit dismissed the case because the foreign defendant had not "purposefully availed" itself of personal jurisdiction in that particular forum. *Id.* at *10-11. The defendant "surely placed the product in the 'stream of commerce,' but there is nothing more here to show that [the company] purposefully directed the ladders toward" Tennessee. *Id.* at *11.

The same holds true in the instant case. This Court's reliance on Plaintiff's claim that AMLLC and DIL "released [PFAS] into the world" was made in clear error. Nowhere does Mr. Hardwick, his counsel, or this Court cite to any facts that would justify exercising jurisdiction under the "plus" factor. Both companies submitted affidavits explicitly denying, *inter alia*, that they have had any contact with Ohio, such as never having distributed, sold, or advertised PFAS products directly to Ohio consumers over the past 40 years. *See* Doc. #69-1, #82-1. In fact, AMLLC does not even design or make products, a fact that appears to have been completely lost in this analysis. And if cases like *Home Depot* are any indication, even if there were evidence

12

that AMLLC and DIL knew that PFAS products or substances would likely end up in Ohio, personal jurisdiction would still not exist.  Simply placing PFAS "into the world" is not enough.

This Court should, therefore, reconsider its decision denying AMLLC's and DIL's motions to dismiss, and apply, as the Sixth Circuit requires, the "stream of commerce plus" approach.

## CONCLUSION

Based on the foregoing reasons, this Court should grant the Motion to Reconsider and dismiss all claims against AMLLC and DIL for lack of personal jurisdiction.

Dated: October 28, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Theodore M. Grossman* | */s/ Eric P. Gotting* |
| Theodore M. Grossman (0037591) | Eric P. Gotting |
| (*Trial Attorney*) | *Admitted Pro Hac Vice* |
| Jones Day | Keller and Heckman LLP |
| 250 Vesey Street | 1001 G Street NW, Suite 500 West |
| New York, NY 10281 | Washington, D.C. 20001 |
| Phone: (212) 326-3939 | Phone: (202) 434-4100 |
| Facsimile: (212) 755-7306 | Facsimile: (202) 434-4646 |
| tgrossman@jonesday.com | gotting@khlaw.com |
| | |
| James R. Saywell (0092174) | Ronald S. Kopp (0004950) (*Trial Attorney*) |
| Jones Day | Jessica A. Lopez (0090508) |
| North Point | Roetzel & Andress |
| 901 Lakeside Avenue East | 222 South Main Street, Suite 400 |
| Cleveland, Ohio  44114-1190 | Akron, OH 44308 |
| Phone: (216) 586-3939 | Phone: (330) 849-6644 |
| Facsimile: (216) 579-0212 | Facsimile: (330) 376-4577 |
| jsaywell@jonesday.com | rkopp@ralaw.com |
| | jlopez@ralaw.com |
| | |
| *Counsel for Daikin Industries, Ltd.* | *Counsel for Archroma Management LLC* |

13

## **PROOF OF SERVICE**

I hereby certify that on the 28th day of October, 2019, the foregoing Motion to Reconsider was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Eric P. Gotting*
Eric P. Gotting
