UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. HARDWICK | CIVIL ACTION NO.: 2:18-cv-1185 |
| Plaintiff, | |
| v. | JUDGE EDMUND A. SARGUS, JR. |
| 3M COMPANY, et al. | CHIEF MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS ARCHROMA MANAGEMENT LLC AND DAIKIN INDUSTRIES LTD.'S MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

There is nothing new in Defendants Archroma Management LLC ("Archroma") and Daikin Industries Ltd.'s ("Daikin") (collectively, "Defendants") Motion to Reconsider the Court's Denial of Motions to Dismiss for Lack of Personal Jurisdiction (ECF No. 131). It is merely a restatement of the arguments that this Court rejected when it denied Defendants' motions to dismiss (ECF No. 128). Defendants do not cite any intervening case law that would require the Court to change its ruling, and they fall woefully short of establishing that this Court committed a clear error of law resulting in a "manifest injustice." (*See* ECF No. 131 at 5.) Instead, they rely on reframing and misstating Mr. Hardwick's allegations against them. And, worse still, they improperly attempt to proffer evidence that they could have presented during the Motion to Dismiss briefing, without an excuse or explanation for why they did not do so.

The Court correctly found that Mr. Hardwick pleaded sufficient facts to establish that Defendants have significant contacts with Ohio, and that his claims arise out of those contacts.

(ECF No. 128 at 33.) The Court also appropriately declined to weigh Defendants' declarations against Mr. Hardwick's well-founded jurisdictional allegations, and correctly held that Defendants cannot defeat personal jurisdiction by simply filing declarations denying those allegations. (*Id.* at 34-35.) Mr. Hardwick has satisfied his burden to make a *prima facie* case that this Court has personal jurisdiction over Defendants, and nothing in Defendants' redundant Motion to Reconsider establishes otherwise. Accordingly, Defendants' Motion to Reconsider should be denied in its entirety.[1]

## FACTS

This Court is well aware of the facts necessary to establish its jurisdiction over Defendants in this case, so Mr. Hardwick will not rehash them. Yet again, however, Defendants have repeated numerous misstatements and mischaracterizations of Mr. Hardwick's allegations that must be corrected. Defendants state that "Mr. Hardwick does not have much to say . . . as to [Archroma and Daikin] specifically." (ECF No. 131 at 2.) To the contrary, as the Court recognized, Mr. Hardwick specifically alleged that both Archroma and Daikin engaged in numerous commercial activities, including using, manufacturing, releasing, distributing, marketing, and training in the use of PFAS materials in Ohio, that directly led to Mr. Hardwick's injuries. (ECF No. 96 ¶¶ 12, 22; ECF No. 128 at 28.) Archroma and Daikin knew that their activities would contaminate Ohio's air, surface waters, ground water, soils, and landfills, as well as Mr. Hardwick's body and blood. (ECF No. 96 ¶ 34.) Mr. Hardwick also specifically alleged

---

[1] Notably, only two of ten defendants ask the Court to reconsider their motions to dismiss. Notably, too, this is not Defendants' only effort to shop for a different forum. They are simultaneously seeking to transfer this case to the Multidistrict Litigation regarding firefighting foam products liability claims pending in federal court in South Carolina. *See* Defendants' Motion to Transfer Tag-Along *Hardwick* Case to the *In Re Afff* MDL, *In re: Aqueous Film-Forming Foams Products Liability Litigation*, No. MDL 2873, ECF No. 509 (U.S. MDL Nov. 5, 2019).

that these Defendants' intentional failures to act, intentional withholding of information, and actions taken to mislead government agencies about the dangers of PFAS also contributed to the contamination of Ohio's environment and Mr. Hardwick's body and blood with PFAS in Ohio. (*Id*. ¶¶ 50-51, 61, 69-73.) Thus, much more than "generally" alleging in "boilerplate fashion" that Archroma and Daikin "conduct business throughout the United States, including Ohio" (*see* ECF No. 131 at 5), Mr. Hardwick has specifically alleged that these Defendants' actions and failures to act in Ohio proximately caused his injuries with sufficient particularity to establish that this Court has personal jurisdiction over Defendants.

## LEGAL STANDARD

A court may grant a motion to reconsider only where "a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent a manifest injustice." *Rodriguez v. City of Cleveland*, 08-cv-1982, 2009 WL 1565956, *2 (N.D. Ohio June 3, 2009). Defendants incorrectly claim that a manifest injustice occurred here. (ECF No. 131 at 5.) "Manifest injustice is defined as an error in the trial court that is direct, obvious, and observable, apparent to the point of being indisputable." *Ashraf v. Adventist Health Sys./Sun-Belt, Inc.*, No. 17-cv-2839, 2018 WL 4431381, *3 (W.D. Tenn. Sept. 17, 2018); *see also Gann v. Kolfage*, No. 14-cv-1609, 2017 WL 395005, *3 (M.D. Tenn. Jan. 30, 2017) (defendants' "disagreement with legal conclusions reached by the Court on the personal jurisdiction issue" do not constitute manifest injustice for purposes of motion to reconsider). "[F]or a court to reconsider a decision due to a manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Block v. Meharry Med. Coll.*, No. 15-cv-204, 2017 WL 1364717, *1 (M.D. Tenn. Apr. 14, 2017).

3

It is improper to use a motion to reconsider simply as a vehicle to renew arguments that have already been rejected. *Bush v. Warden, Chillicothe Correctional Inst.*, No. 18-cv-1283, 2019 WL 2191854, *1 (S.D. Ohio May 21, 2019); *see also LaCroix v. Am. Horse Show Ass'n*, 853 F. Supp. 992, 995 (N.D. Ohio 1994) (denying motion for reconsideration of personal jurisdiction finding where only "issues raised by [defendant] in the motion for reconsideration were already considered"). It is also improper to use a motion to reconsider to introduce old evidence to which Defendants had access, but chose not to submit at an earlier stage. *Bush*, 2019 WL 2191854 at *1 (motion to reconsider is not a mechanism "to submit evidence which in the exercise of reasonable diligence could have been submitted earlier"). Where, as here, a "defendant views the law in a light contrary to that of [the district court], its proper recourse is not by way of a motion for reconsideration but by appeal to the Sixth Circuit." *Lloyd v. City of Streetsboro*, No. 18-cv-73, 2018 WL 2985098, *1 (N.D. Ohio June 14, 2018) (internal quotation marks and citation omitted); *see also Svete v. Wunderlich*, No. 07-cv-156, 2009 WL 330297, *1-2 (S.D. Ohio Feb. 6, 2009) (denying motion to reconsider which was "based on no more than representation and reargument of that which [movant] has already submitted").

## ARGUMENT

### I. The Motion to Reconsider should be denied because it merely asks the Court to change its mind.

Defendants' Motion to Reconsider should be denied because it fails to meet the standards set forth above. Rather than establish that the Court committed an obvious and apparent error of law resulting in a manifest injustice, Defendants simply explain their disagreement with the Court's ruling by restating arguments the Court has already rejected. Courts routinely deny motions to reconsider because they advance arguments that were previously rejected or that could have been and were not offered in the initial briefing. *See, e.g.*, *Gann*, 2017 WL 395005 at

4

*3 (denying motion to reconsider finding of personal jurisdiction because defendant "simply reargue[s] its prior position in the hope that the court will change its mind"); *Svete*, 2009 WL 330297 at *1-2; *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (motion to reconsider is improper where it "proffer[s] a new legal theory or new evidence to support a prior argument when the legal theory argument could, with due diligence, have been discovered and offered during the initial consideration of the issue"). That is precisely what Defendants have done here. Their Motion for Reconsideration repeats arguments, makes arguments that they could have made in their initial briefing. Defendants even submit a new affidavit that certainly could have been submitted previously, and fail to provide any explanation or reason for doing so now. (ECF No. 131 Ex. A.) Defendants fail to make any argument that was previously unavailable to them, rely on any intervening law, or cite any newly discovered evidence. Instead, their Motion to Reconsider is nothing more than a plea for this Court to change its mind, and it should be denied on that basis alone.

**II.     The Court correctly applied Sixth Circuit precedent and appropriately found that Mr. Hardwick has established a *prima facie* case that the Court has personal jurisdiction over Defendants.**

If the Court chooses to entertain the substance of this improper Motion to Reconsider, it still should deny the Motion because this Court plainly has specific jurisdiction over these Defendants. Defendants first contend that the Court committed a manifest injustice when it failed to blindly accept Defendants' declarations as dispositive proof that the Court does not have personal jurisdiction over them. (ECF No. 131 at 6-7.)  According to Defendants, once they have submitted affidavits, Mr. Hardwick is required to produce the same type of evidence to substantiate his jurisdictional allegations that would be required at the summary judgment stage

5

of his case-in-chief. (*Id.*) That is a misstatement of Sixth Circuit law regarding Mr. Hardwick's burden in response to a motion to dismiss for lack of personal jurisdiction.

Where, as here, the Court decides a motion under Rule 12(b)(2) without an evidentiary hearing, "the plaintiff need only make a '*prima facie*' case that the court has personal jurisdiction." *Conn v. Zakaharov*, 667 F.3d 705, 711 (6th Cir. 2012); *see also Retail Serv. Sys., Inc. v. Mattress Clearance Centers of Am.*, No. 17-cv-746, 2018 WL 3716896, *3 (S.D. Ohio Aug. 3, 2018) (Sargus, C.J.) ("Where a Rule 12(b)(2) motion is decided solely on written submissions, the plaintiff's burden is relatively slight.") (internal quotation marks and citation omitted). A plaintiff is required only to present facts that, when taken in the light most favorable to him, "establish[] with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Thus, the court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Id.* The Sixth Circuit has adopted these rules for the express purpose of preventing "non-resident defendants from avoiding jurisdiction simply by filing an affidavit that denies all jurisdictional facts." *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir. 1996) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)).

Thus, the Court appropriately held that Mr. Hardwick satisfied his burden to establish a *prima facie* case that the Court has personal jurisdiction over Defendants. Mr. Hardwick's Amended Complaint sets forth specific facts detailing each Defendant's actions and omissions that led to his injuries and clearly establish the Court's jurisdiction. Specifically, as the Court explained, Mr. Hardwick set forth facts establishing that "those acts and failures to act of each Defendant, in a natural and continuous sequence, resulted in the contamination of Mr.

Hardwick's body and/or blood with PFAS, and without each Defendant's acts or failures to act, the PFAS would not have entered Ohio or Mr. Hardwick's body and/or blood." (ECF No. 128 at 28.)

Despite their assertions to the contrary, Defendants' declarations denying *some* of those facts do not defeat the Court's jurisdiction, nor do they require Mr. Hardwick to produce proof of each of his allegations at this early stage in the litigation. As an initial matter, Defendants' declarations do not clearly deny all of Mr. Hardwick's jurisdictional allegations. The Court correctly noted that Defendants have not adequately refuted Mr. Hardwick's "allegations that these Defendants' contacts with Ohio led to his exposure to PFAS in Ohio over the last 40 years." (*Id.* at 34.) That alone is a sufficient basis for denying Defendants' motions to dismiss.

Defendants cite two recent decisions from the Sixth Circuit to support their position that submitting declarations is sufficient to defeat personal jurisdiction, but both cases are easily distinguished in light of the content of Defendants' declarations. *See Parker v. Winwood*, 938 F.3d 833 (6th Cir. 2019) and *NTCH-West Tenn, Inc. v. ZTE Corp.*, 761 Fed. Appx. 485 (6th Cir. 2019). In *Parker*, the district court found jurisdiction lacking after evaluating competing affidavits and evidence at the *summary judgment* stage. 938 F.3d at 835-36. The court held that plaintiff's jurisdictional evidence was lacking based on a record that is far more developed than the record in this case. *Id*. at 840-41. The *Parker* defendants were able to conclusively establish, based on more than general declarations denying allegations, that the court lacked jurisdiction. *Id.* Similarly, in *NTCH*, the named defendant in a breach of contract suit presented conclusive evidence disproving the plaintiff's allegations, including the allegation that the two parties had a contractual relationship in the first instance. 761 Fed. Appx. at 487. It was that conclusive evidence that "shifted [the] burden of proof" and required plaintiff to submit counter affidavits

7

and evidence. *Id.* Here, on the other hand, Defendants' declarations fall well short of conclusively disproving Mr. Hardwick's jurisdictional allegations. (ECF No. 128 at 33-34) ("None of the affidavits addresses whether these [] Defendants or their predecessor companies engaged in any of the activities alleged in the Amended Complaint.").[2]

In *CompuServe*, the Sixth Circuit explained that dismissal at this stage on a Rule 12(b)(2) motion "is proper only if all the specific facts which the plaintiff . . . *alleges* collectively fail to state a *prima facie* case for jurisdiction." 89 F.3d at 1262 (emphasis added). Even if Defendants' declarations did directly challenge all of Mr. Hardwick's allegations, which they do not, the Court cannot simply accept Defendants' declarations and dismiss Mr. Hardwick's allegations, nor can it weigh the competing assertions against one another. *See id.* (reversing grant of 12(b)(2) motion where district court improperly "expressly relied on" defendant's affidavit). The Sixth Circuit has made it clear that dismissal pursuant to Rule 12(b)(2) "is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction." *Id.* (citing *Theunissen*, 935 F.2d at 1458); *see also Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 538-45 (S.D. Ohio 2012) (relying on *CompuServe* and holding that plaintiff's jurisdictional allegations were sufficient to defeat motion to dismiss based on defendant's affidavits). Moreover, "the pleadings and affidavits must be viewed in a light most favorable to the plaintiff" when resolving a motion to dismiss for lack of personal jurisdiction on written submissions alone. *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.*, 504 F.3d 544, 549 (6th Cir. 2007). Here, Mr. Hardwick's detailed factual allegations, particularly

---

[2] Indeed, as noted above, it is worse than that. Here, these Defendants want the Court to consider evidence that they could have brought to the Court's attention before their original Motion to Dismiss, but chose to hold back for some strategic purpose.

when considered in a light most favorable to him, are more than sufficient to establish a *prima facie* case for jurisdiction.

Additionally, the Court appropriately noted that its jurisdictional ruling was a "threshold determination." (ECF No. 128 at 35.) Mr. Hardwick is not required to prove his case-in-chief at this stage in the litigation simply because Defendants have filed declarations denying his jurisdictional allegations. It is true that Mr. Hardwick is not relieved from ultimately proving jurisdictional facts as part of his case-in-chief, but Defendants cannot "defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The Court's threshold jurisdictional finding does not bar Defendants from challenging jurisdiction at a later stage and thus clearly does not constitute a "manifest injustice." Defendants' Motion to Reconsider should be denied accordingly.

## III. Defendants' repetitive argument regarding the "stream of commerce plus" theory misapplies the relevant law and ignores or mischaracterizes Mr. Hardwick's allegations.

Defendants also argue that subjecting them to this Court's jurisdiction would not comply with federal due process requirements because Mr. Hardwick's allegations do not establish that Defendants purposefully availed themselves of the Ohio forum. Once again, however, Defendants simply repeat the same arguments that this Court already rejected. (*See* ECF No. 128 at 28) ("Plaintiff has alleged a proximate cause relationship between his claims and *each Defendant's conduct in Ohio*.") (emphasis added). They also blatantly ignore or mischaracterize Mr. Hardwick's allegations, just as they did in their initial briefing.

Defendants contend that they have been "dragged into court based on random, fortuitous, or attenuated contacts, or the unilateral activity of another party or third person." (ECF No. 131

9

at 11.) That is a willful misreading of Mr. Hardwick's Amended Complaint. The Amended Complaint is full of specific allegations establishing the causal link between Defendants' activities and the harm to Mr. Hardwick in Ohio. (*See, e.g.*, ECF No. 96 ¶¶ 12, 22, 31-53, 61, 69-73.) Mr. Hardwick's allegations make clear that Defendants released PFAS into the world with the specific knowledge that their actions would cause their PFAS to intrude into Mr. Hardwick's blood and body. The Amended Complaint does not cite "random, fortuitous, or attenuated contacts," but rather describes specific and intentional conduct that proximately caused the harm of which Mr. Hardwick complains.

Defendants' argument relating to the Sixth Circuit's adoption of the "stream of commerce plus" approach to personal jurisdiction similarly ignores Mr. Hardwick's allegations regarding Defendants' decades-long coordinated campaign to keep from the public the adverse health effects of their toxin. (*See id.* ¶¶ 40-62.) Contrary to Defendants' assertions, the Court's jurisdiction is not based exclusively on Defendants' manufacture, sale, and release of PFAS in Ohio, but also on Defendants' misinformation campaign intentionally directed at Ohio that caused tortious injury in Ohio. Courts in this circuit have regularly held that this type of conduct is sufficient to satisfy the due process requirements inherent in exercising personal jurisdiction. *See, e.g.*, *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012) (fraudulent communications or misrepresentations into Ohio created jurisdiction in Ohio); *Ohio Lending Consultants, LLC v. Sec. Capital Holdings, Inc.*, No. 14-CV-1358, 2014 WL 5162285, at *5 (N.D. Ohio Oct. 14, 2014) (finding non-resident defendant was subject to personal jurisdiction in Ohio where defendant directed, from outside Ohio, fraudulent communications to Ohio residents); *Kehoe Component Sales, Inc. v. Best Lighting Prod., Inc.*, No. 08-CV-752, 2009 WL 2591757, at *5 (S.D. Ohio Aug. 19, 2009) (deceptive statements made with knowledge they would cause injury

10

in Ohio sufficient to establish jurisdiction); *Hollar v. Philip Morris Inc.*, 43 F. Supp. 2d 794, 804 (N.D. Ohio 1998) (finding exercise of jurisdiction appropriate based on allegations company broadcast and published misleading information that was seen and heard in Ohio and, in several instances, specifically directed at Ohio). Thus, the Court was correct in finding that Mr. Hardwick's "claims arise out of the specific contact that [each] Defendant has with Ohio" and that those claims are sufficient to comport with due process. (ECF No. 128 at 33.)

## CONCLUSION

Defendants' Motion to Reconsider is nothing more than an expression of the Defendants' continued disagreement with the Court's denial of their motions to dismiss. There is nothing in the Court's well-reasoned opinion that amounts to a "direct, obvious, and . . . indisputable" error of law warranting reconsideration. *See Ashraf*, 2018 WL 4431381 at *3. Defendants have failed to demonstrate any error related to the Court's threshold jurisdictional determination that rises to the level of a "manifest injustice." The Motion to Reconsider should be denied.

Dated: November 18, 2019                    Respectfully submitted,

*/s/ David J. Butler*
David J. Butler (0068455), Trial Attorney
Jonathan N. Olivito (0092169)
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: (614) 221-2838
Facsimile: (614) 221-2007
dbutler@taftlaw.com
jolivito@taftlaw.com

Robert A. Bilott (0046854)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Telephone: (513) 381-2838
Facsimile: (513) 381-0205
bilott@taftlaw.com

11

-and-

Michael A. London (pro hac vice)
Rebecca G. Newman (pro hac vice)
Douglas & London, PC
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566 7501
mlondon@douglasandlondon.com
rnewman@douglasandlondon.com

-and-

Ned McWilliams (pro hac vice)
Levin Papantonio Thomas Mitchell Rafferty
  & Proctor P.A.
316 South Baylen Street
Pensacola, FL 32502
Telephone: (850) 435-7138
nmcwilliams@levinlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served through the Court's CM/ECF system this 18th day of November, 2019 on all counsel of record.

*/s/ David J. Butler*
David J. Butler