IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN D. HARDWICK,

    Plaintiff,

v.

3M COMPANY, *et al.*,

    Defendants.

Civil Action 2:18-cv-1185
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## PRELIMINARY PRETRIAL ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule and issues the following **ORDERS**:

### INITIAL DISCLOSURES

To the extent the parties have not already done so, they shall make initial disclosures by **MAY 30, 2020**. Initial Disclosures of Defendants Archroma Management LLC and Daikin Industries, LTD shall be due **THIRTY (30) DAYS** after any denial of the pending Motion to Reconsider Denial of Motions to Dismiss for Lack of Personal Jurisdiction.

### PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by within 30 days after the Court issues a decision on the motion for class certification, or the Sixth Circuit rules on a Rule 23(f) petition, if applicable. If the Sixth Circuit allows an appeal, the parties agree that any such motion or stipulation shall be filed within 30 days after the Sixth Circuit issues its opinion.

The parties are **DIRECTED** to send by letter briefing to the Chambers of the Undersigned, not to exceed two (2) pages, outlining their respective positions with respect to the timing of Plaintiff's Motion for Class Certification by **MAY 20, 2020**.

### ISSUES

Plaintiff brings this case individually and on behalf of all individuals residing within the United States who, at the time class certification is sought, have a detectable level of one or more per- and polyfluoroalkyl substances ("PFAS") in their blood serum. Plaintiff asserts four claims (negligence, battery, declaratory judgment, and conspiracy), which all purport to relate to Defendants' alleged acts and/or omissions that resulted in the alleged contamination of the blood and/or bodies of Plaintiff and other putative class members with PFAS. Plaintiff seeks injunctive,

equitable, and declaratory relief, including the further scientific study of the effects, if any, of PFAS exposure. Plaintiff has made a jury demand. Defendants deny Plaintiff's allegations and assert that Plaintiff's case is inappropriate for class certification.

## DISCOVERY PROCEDURES

The Court will defer setting a discovery cut-off date until after the Court issues a decision on the motion for class certification and, if applicable, the Sixth Circuit rules on a Rule 23(f) petition or resulting appeal. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

The parties will negotiate an ESI protocol.

The parties are **DIRECTED** to meet and confer regarding any proposed Protective Order, identify any particular areas of disagreement and attempt to resolve such disagreements. Then, if they are unable to resolve their differences, the parties are **DIRECTED** to send by letter briefing to the Chambers of the Undersigned, not to exceed two (2) pages, outlining their respective positions with respect to the timing of Plaintiff's Motion for Class Certification by **MAY 20, 2020**.

## DISPOSITIVE MOTIONS

The Court will defer setting a dispositive motion cut-off date until after the Court issues a decision on the motion for class certification and, if applicable, the Sixth Circuit rules on a Rule 23(f) petition or resulting appeal.

## EXPERT TESTIMONY

a. If Plaintiff chooses to support his class certification motion with expert reports, he will file any such expert reports simultaneously with his class certification motion.

b. Assuming that Plaintiff makes his experts (if any) available for depositions reasonably promptly after the filing of their reports, Defendants will file their opposition brief(s) to Plaintiff's class certification motion within 90 days after filing of the class certification motion.

c. If Defendants choose to support their opposition brief(s) with expert reports, they will file any such expert reports simultaneously with their opposition brief(s).

d. Assuming that Defendants make their experts (if any) available for depositions reasonably promptly after the filing of their reports, Plaintiff will have 90 days after the filing of Defendants' opposition brief(s) to reply to the opposition brief(s) and to file any expert rebuttal reports.

e. If Plaintiff submits expert rebuttal reports, Defendants will have 60 days within which to depose Plaintiff's rebuttal experts.

f. The respective 90-day deadlines for class certification opposition and reply briefs are contingent on Plaintiff and Defendants making their experts promptly available for deposition.

SETTLEMENT

The Court will defer setting a schedule for the exchange of settlement demands until after the Court issues a decision on the motion for class certification and, if applicable, the Sixth Circuit rules on a Rule 23(f) petition or resulting appeal.

OTHER MATTERS

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the parties' Rule 26(f) conference, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**

Date: April 30, 2020

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

_____
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE