UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN D. HARDWICK,**

    **Plaintiff,**            Case No. 2:18-cv-1185
                                       Judge Edmund A. Sargus, Jr.
v.                                    Magistrate Judge Elizabeth A. Deavers

**3M COMPANY,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter came before the Court on the parties' letter briefing on (A) the timing of Plaintiff's anticipated class certification motion; and (B) the content of their agreed protective order.

**A.**     **Class Certification**

As Plaintiff correctly states, Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure directs the Court to decide class certification "[a]t an early practicable time after a person sues or is sued as a class representative." The Sixth Circuit, in turn, has stated that a court should defer a decision on certification pending discovery only where "the existing record is inadequate for resolving the relevant issues." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

The Court, therefore, shall permit Plaintiff to file his motion for class certification as soon as he is prepared to do so. Defendants shall have ninety (90) days to respond and Plaintiff shall have forty-five (45) days to file a reply. Defendants asked for twice this amount of time to respond to the motion for class certification depending on when it is filed. Rather than rule in the abstract, Defendants may move for an extension of this deadline which the Court will consider under the specific circumstances of the case at that time.

1

### B. Protective Order

The parties are in agreement on most of the provisions of a protective order.  The Court was left to decide two issues: (1) the inclusion of a claw back provision; and (2) whether previous discovery from prior related cases may be deemed produced in this case.

### 1. Claw Back Provision

This Court agrees with Defendants that a claw back provision is appropriate.  The American Law Reports provides as follows:

> In the world of business, an accidental disclosure of sensitive, confidential material can have financially catastrophic results. On the other hand, legitimate discovery requests in large and complex lawsuits usually require the disclosure of many thousands if not millions of paper and electronic documents, with a distinct likelihood that, despite best efforts in reviewing before disclosure, at least some of these documents would be privileged under the attorney-client privilege or the like or otherwise not meant to be disclosed.  Fed. R. Evid. 502(d) provides that the trial court has the power to issue orders that would allow for the clawing-back of accidentally released documents upon a prompt request, thus essentially doing away with waiver of privilege by inadvertent disclosure. The following article considers federal cases discussing the issuance, construction, and application of such protective orders.

39 A.L.R. Fed. 3d Art. 2 (Originally published in 2019 as *Clawback/"Quick Peek" Procedure Under Fed. R. Evid. 502(d)*) (article considering federal cases discussing the issuance, construction, and application of such protective orders); *see also* Fed. R. Evid. 502 ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.").

The Court directs the parties to adopt Defendants' proposed Section 14 in its entirety.  The Court further directs the parties to adopt the provisions set forth by Defendants in Section 15 with one exception.  In Section 15, Defendants would have the burden placed on the receiving party to move the Court to dispute a claim of privilege of the subject matter of the disclosed

documents. It is more appropriate to have the burden on the producing party to establish that its disclosure contained privileged material. That is, if the producing party asks to claw back a purportedly privileged document, and the receiving party disputes that it is privileged, the producing party may move the Court to determine *in camera* whether the document is privileged and should be returned or is not privileged and may be used by the receiving party.

### 2. Deemed Produced

Plaintiff requests that documents that have been disclosed in seven prior lawsuits by two of the Defendants in this case, Chemours and DuPont, be deemed produced in this case. Defendants oppose this blanket designation, arguing that the general protective order is not the appropriate forum to resolve the dispute with these two Defendants. Further, Defendants emphasize that Plaintiff's proposal does not address questions about how these "deemed produced" documents will be made available to other Defendants or how confidential materials in those documents will be designed under the three-tier designation regime agreed to by the parties for production in this case. Defendants assert that these are significant issues given that many Defendants are current or potential competitors of DuPont and Chemours, such that broad production of commercially sensitive information could harm the two companies' competitive interests and could create risks under the antitrust laws. Defendants maintain that they are open to some type of middle-of-the-road agreement that would conserve resources and alleviate some of their concerns. Defendants' arguments are well taken.

The Court directs the parties to utilize Section 7 as proposed by Defendants. The Court also directs the parties to meet and confer on various alternatives to a blanket deemed-produced provision that may be the subject of a separate agreed order. The Court additionally directs the parties to be sensitive to the fact that this class action is part of the DuPont C-8 MDL, which has

had years of discovery of millions of documents. The parties should endeavor to find a way to utilize the work that has been done in an effort to conserve the resources of this Court and the parties.

**C.     Conclusion**

The parties shall modify the protective order as directed in this order and file it with the Court within the next ten (10) days.

**IT IS ORDERED.**

<u>**6/16/2020**</u>
**DATE**

<u>**s/ Elizabeth Preston Deavers**</u>
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF MAGISTRATE JUDGE**


<u>**s/ Edmund A. Sargus, Jr.**</u>
**EDMUND A. SARGUS, JR.**
**DISTRICT JUDGE**