IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E.I. DU PONT DE        CASE NO. 2:13-MD-2433
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

                                     **Chief Judge Edmund A. Sargus, Jr.**
                                     **Chief Magistrate Judge Elizabeth Preston Deavers**

This document relates to:       **Kevin D. Hardwick v. 3M Company., *et al*.,**
                                 **Case No. 2:18-cv-1185**[1]

## <u>ORDER</u>

This matter is before the Court for consideration of the Defendants' Motion for Leave to File Under Seal. (ECF No. 198 filed in No. 2:18-cv-1185.) Through this motion, Defendants seek leave to file under seal the brief and exhibits in support of their Joint Opposition to Plaintiff's Motion for Class Certification, accompanied by a redacted version to be filed on the public record. (*Id*.) Defendants explain that the redacted portions of the brief and exhibits involve Plaintiff's medical information which is marked highly confidential by Plaintiff pursuant to the parties' protective order. (*Id*.) Defendants advise the Court that Plaintiff's counsel does not oppose this request. (*Id*.)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-*

---

[1] Defendants' Motion is filed only in No. 18-1185.

*Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (6th Cir. June 20, 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Applying the foregoing considerations to this case, the Court finds that the public has an interest in this action, which arises from Defendants' conduct in connection with the alleged contamination of the blood and/or bodies of Plaintiff and other class members with synthetic, toxic per- and polyfluoroalkyl substances (collectively "PFAS").  (ECF No. 1 at ¶ 1.)  However, the information sought to be sealed is Plaintiff's private health information.  The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a federal law that seeks to ensure the security and privacy of health information, *Wade v. Vabnick-Wener*, 922 F. Supp. 2d 679, 687 (W.D. Tenn. 2010), represents a "strong federal policy in favor of protecting the privacy of patient medical records." *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004).  In addition, Ohio courts have found the state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), is even "more stringent than HIPAA, and therefore is not preempted, because it 'prohibits use or disclosure of health information when such use or disclosure would be allowed under HIPAA.'" *Turk v. Oiler*, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010) (citations omitted) (collecting cases).

After weighing these competing interests, the Court finds that the strong policy and interest in protecting the non-disclosure of private health information outweighs the public's interest in disclosure of these materials in this case.  *See Law*, 307 F. Supp. 2d at 711; *Turk*, 732 F. Supp. 2d at 771.  Sealing Plaintiff's private health information is in accordance with the strong policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information. *Id*.  Finally, permitting Defendant to file this information under seal "is no broader than necessary" to protect that information.  *In re Nat'l Prescription Opiate Litig*., 927 F.3d at 940 (citations and internal quotation marks omitted).

For these reasons, Defendants' Motion for Leave to file Under Seal (ECF No. 198) is **GRANTED**.  The Clerk is **DIRECTED** to accept for filing under seal Defendants' brief and

3

exhibits in support of the Joint Opposition to Plaintiff's Motion for Class Certification.  The

sealed filings shall be accompanied by a redacted version to be filed on the public record.

**IT IS SO ORDERED.**


Date: December 14, 2020                             /s/ *Elizabeth A. Preston Deavers*
                                                   ELIZABETH A. PRESTON DEAVERS
                                                   CHIEF UNITED STATES MAGISTRATE JUDGE