# EXHIBIT 7
**(Redacted)**
**(Unredacted Version To Be Filed Under Seal)**





# Hardwick Responses and Objections to Arkema

| | |
|---|---|
| DocVerify ID: | 04F53960-7C19-49E6-881A-F78888D56D8A |
| Created: | July 09, 2020 14:04:27 -8:00 |
| Pages: | 22 |
| Remote Notary: | Yes / State: OH |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Kevin D Hardwick (KDH)**
July 09, 2020 15:07:51 -8:00 [57D3F65F2C00] [174.233.132.6]
kdhardwick1@gmail.com (Principal) (ID Verified)

**E-Signature Notary: Jennifer Dunbar (jdu)**
July 09, 2020 15:07:51 -8:00 [0D48FA7B9794] [24.210.170.210]
jdunbar@taftlaw.com
I, Jennifer Dunbar, did witness the participants named above electronically
sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



KEVIN D. HARDWICK,         CIVIL ACTION NO. 2:18-cv-1185

       Plaintiff,         JUDGE EDMUND A. SARGUS, JR.

v.         CHIEF MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS

3M COMPANY, et al.,

       Defendants.

## PLAINTIFF KEVIN D. HARDWICK'S RESPONSES AND OBJECTIONS TO DEFENDANT ARKEMA INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Kevin D. Hardwick ("Mr. Hardwick") responds and objects to Defendant Arkema Inc.'s ("Arkema") First Set of Interrogatories to Plaintiff. Mr. Hardwick's responses and objections are based on the information currently known after a good faith inquiry. Mr. Hardwick reserves the right to amend, supplement, clarify, revise, or correct, in one or more supplemental response, any or all responses or objections to Arkema's interrogatories.

## GENERAL OBJECTIONS

The following general objections apply to each of the interrogatories.

1. Mr. Hardwick objects to Arkema's interrogatories to the extent that Arkema's instructions or definitions attempt to generate any duty or impose any burden that is inconsistent with the Federal Rules of Civil Procedure, the Court's local rules, or any protective order or ESI order entered in this case.

2. Mr. Hardwick objects to Arkema's interrogatories to the extent that they seek information that is not relevant to any party's claim or defense as to the merits, or are seeking information that is not currently relevant to the preliminary issue of class certification, which is

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary



to be addressed before addressing any such merits issues.

3.       Mr. Hardwick objects to Arkema's interrogatories to the extent that they seek information that is not proportional to the needs of the case.

4.       Mr. Hardwick objects to Arkema's interrogatories to the extent that they are unreasonably cumulative or duplicative or unduly burdensome.

5.       Mr. Hardwick objects to Arkema's interrogatories to the extent that Arkema can obtain the requested information from some other source that is more convenient, less burdensome, or less expensive or because the requested information is available to Arkema through the public domain, publicly accessible files or dockets, or through Arkema's own freedom of information requests or similar requests for information from government entities.

6.       Mr. Hardwick objects to Arkema's interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure. The inadvertent production of any such privileged or protected information or documents shall not constitute a waiver of any applicable privilege or protection, and shall be governed by the Court's Protective Order (ECF No. 161) and applicable Federal and Local Rules.

7.       Mr. Hardwick objects to Arkema's interrogatories to the extent that they request information that is not within Mr. Hardwick's personal knowledge or require a response by Mr. Hardwick on behalf of other individuals or entities, including but not limited to any other member of the proposed class. Mr. Hardwick provides his responses and objections for only himself, not on behalf of another individual or entity or on behalf of any current for former employer or other third party or other proposed class member. Mr. Hardwick provides his responses and objections based solely on what he personally knows.

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

**DocVerify ID** 04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 2 of 22    2F78888D56D8A

8.     Mr. Hardwick objects to Arkema's interrogatories to the extent that they seek Mr. Hardwick's personal medical information. Such information is irrelevant to Mr. Hardwick's and the putative class's claims, as Mr. Hardwick and the putative class seek only equitable and/or injunctive relief and do not seek any compensatory damages for personal injuries in this case. To the extent that Mr. Hardwick nevertheless provides any responsive information on such issues, it is provided subject to and without waiving this objection.

9.     Mr. Hardwick objects to Arkema's definition of "Healthcare provider." Arkema's definition is overly broad, unduly burdensome, and not proportional to the needs or scope of the case to the extent that it encompasses psychiatrists, psychologists, chiropractors, therapists, and dentists.

10.    Mr. Hardwick objects to Arkema's instruction 17 to the extent that it purports to impose any requirements inconsistent with the relevant federal and local rules or with the terms of any protective order or ESI order entered in this case.

### SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

1.     State Plaintiff's full name, date of birth, and Social Security number.

**ANSWER:** Subject to and without waiving his general objections, and without waiving any argument that the information provided is not admissible as evidence in this matter, Mr. Hardwick states that his full name is Kevin D. Hardwick. His date of birth is February 16, 1960. His Social Security number is ▮▮▮▮▮▮. Mr. Hardwick's Social Security number is CONFIDENTIAL – SUBJECT TO HARDWICK PROTECTIVE ORDER.

2.     Identify the address of Plaintiff's current and any former residences, the time period(s) in which Plaintiff resided in each residence, and identify each person who resided with

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

Plaintiff in each residence and the time period(s) during which each individual resided with Plaintiff.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not admissible as evidence in this matter, Mr. Hardwick responds as follows:

| Mr. Hardwick's Addresses | Individuals Residing with Mr. Hardwick at Each Address |
|---|---|
|  | |

This answer is CONFIDENTIAL – SUBJECT TO HARDWICK PROTECTIVE ORDER.

3.      Identify all of Plaintiff's current and former occupation(s) and employer(s) for both paid and volunteer positions, including the addresses and time periods of all identified

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 --- Remote Notary

DocVerify ID  04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 4 of 22     4F78888D56D8A

employment positions, and Plaintiff's job titles, responsibilities, and the time periods during which Plaintiff held each such title and responsibilities.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, includes multiple subparts and separate interrogatories, is unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not admissible as evidence in this matter, Mr. Hardwick responds as follows:

| Mr. Hardwick's Employer | Position(s)/Job Title(s) | Job Responsibilities |
|---|---|---|
| Glendale Fire Department, 30 Village Square, Glendale Ohio 45246 (2006 to present) | -Fire Chief (2013 to present) -Assistant Fire Chief (2008 to 2013) -Captain (2006 to 2008) -Volunteer (2006 to 2013) -Part time (2013 to 2016) -Career (2016 to present) | As Fire Chief for the Glendale Fire Department, Mr. Hardwick oversees activities at the department, including operations, administration, human resources, research, enforcement, public education, and prevention. |
| Cincinnati/Northern Kentucky International Airport Fire Department, P.O. Box 752000, Cincinnati, Ohio 45275 (1982 to 2002) | -Lieutenant Inspector (1999 to 2002) -Fire Safety Inspector (1994 to 2000) -Firefighter/Paramedic (1982 to 1994) | As a firefighter, Mr. Hardwick provided fire, rescue and EMS services for the airport. Mr. Hardwick advanced to Paramedic in 1983. In 1994, Mr. Hardwick was appointed Fire Safety Inspector for the airport's fire department and had responsibility for fire prevention, operations, suppression, and waterway monitoring along with fuel separator monitoring. |

04F53960-7C19-49E6-881A-F78888D56D8A — 20200709 14:04:27 -8:00 — Remote Notary

| | | Additionally, Mr. Hardwick maintained the fire training center for the department. He also was tasked with sampling monitoring wells, fuel separators, and all waterways around the airport for the presence of fuels/oils, aircraft deicing fluid, and foam. Mr. Hardwick also assisted with flowing foam from crash trucks to ensure the proper mixing rate to suppress fires. |
|---|---|---|
| Hamilton County Fairgrounds Fire Department, Vine St., Cincinnati, Ohio 45215 (1999 to 2015) | -Fire Chief (1999 to 2015) | Responsible for the fire, rescue, and EMS operations for activities at the fairgrounds, including racing, demolition derbies, and other events. |
| West Chester Fire Department, 919 Cincinnati-Dayton Rd., West Chester, Ohio 45069 (2014 to 2016) | -Fire Inspector (2014 to 2016) | Responsible for the department's fire prevention and inspection activities. |
| New Burlington Fire Department, 10335 Burlington Rd., Cincinnati, Ohio 45231 (1976 to 1988) | -Explorer (1976 to 1978)<br>-Firefighter EMT (1978)<br>-Captain (1979 to 1985)<br>-Firefighter (1985 to 1988) | Mr. Hardwick started as an Explorer at the New Burlington Fire Department. He then became a volunteer, full time firefighter and Captain. Mr. Hardwick engaged in firefighting operations. His responsibilities included training, suppression activities, and undertaking crew leadership roles. |
| Ferrara Fire Apparatus Inc., P.O. Box 249, Holden, Louisiana 70744 (2002 to 2014) | - Regional Sales Manager (2002 to 2014) | Responsible for sales and service training and education for fire departments in Ohio, Kentucky, and Indiana. When Mr. Hardwick started at Ferrara, he sold fire apparatus, turnout gear, and |

6

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary



04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

| | | firefighting equipment. After a couple of years, Mr. Hardwick began to focus on fire apparatus. Mr. Hardwick provided sales, training, maintenance, and demonstrations of fire trucks to departments across the country. |
|---|---|---|
| Finley Fire Equipment, 5255 N State Route 60 NW, McConnelsville, Ohio 43756 (2018 to present) | -Regional Sales Manager (2018 to present) | At Finley Fire Equipment, Mr. Hardwick was initially responsible for sales of fire apparatus, turnout gear, and firefighting equipment. After a short time, Mr. Hardwick began to focus on fire apparatus. Mr. Hardwick provides sales and demonstrations to various fire departments. |

4.　　　Identify all sources or products from which Plaintiff alleges he was exposed to any kind of PFAS, including all locations at which such exposure(s) occurred, the dates or time period(s) of each such exposure, the manufacturer(s) and supplier(s) of each identified source or product, and the basis for Plaintiff's belief that he was exposed to PFAS from each such source or product.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because Defendants have concealed and withheld information sufficient to allow Mr. Hardwick to "[i]dentify all sources or products" that may have contained PFAS that Mr. Hardwick was exposed to. Mr. Hardwick further objects to this interrogatory because it is overly broad, unduly burdensome, contains multiple subparts and separate interrogatories, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case to the extent that it

DocVerify ID　04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com
Page 7 of 22　　7F78888D56D8A

asks for information about products or suppliers of goods containing PFAS. Mr. Hardwick's claims are focused on those entities that manufactured raw PFAS chemicals (i.e., the named Defendants in this case)—not those entities that may have used PFAS or placed PFAS into products. Mr Hardwick further objects that this interrogatory seeks information related to the merits of the claims and defenses in this case, and not issues relevant to class certification and is thus premature.

Subject to and without waiving his objections, Mr. Hardwick states that the PFAS at issue in this case was manufactured by Defendants 3M Company, E. I. du Pont de Nemours and Company, The Chemours Company L.L.C., Archroma Management, LLC, Arkema, Arkema France, S.A., AGC Chemicals Americas, Inc., Daikin Industries, Ltd., Daikin America, Inc., and/or Solvay Specialty Polymers, USA, LLC. (*See, e.g.*, *PFOA Stewardship Program*, EPA, https://tinyurl.com/y8lam3xn (last updated Aug. 9, 2018); *Scientific Studies*, FluoroCouncil, https://tinyurl.com/ybq5d75q (last visited June 24, 2020).)

5. Identify all illnesses, physical conditions, or other health effects, if any, that Plaintiff has allegedly experienced as a result of exposure to PFAS, including the dates or time periods of any such illness, condition, or health effect.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not in any way relevant to the current issues of class certification. Mr. Hardwick does not allege for purposes of this litigation that he is currently suffering any diagnosed illness or disease he believes to be caused by PFAS. Rather, Mr. Hardwick asserts that Defendants' PFAS has entered, is persisting in, and is accumulating in

04F53960–7C19–49E6–881A–F78888D56D8A — 2020/07/09 14:04:27 –8:00 — Remote Notary

DocVerify ID 04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 8 of 22     8F78888D56D8A

his blood and body and will continue to persist and accumulate there without his consent.

Subject to and without waiving his objections, Mr. Hardwick refers Arkema to his October 16, 2018 blood test results that he is producing to Defendants.

6. Identify any and all factual bases, if any, for Plaintiff's allegation that his blood and/or body has been contaminated with PFAS (*e.g.,* Am. Compl. ¶¶ 1, 29). This Interrogatory includes, but is not limited to, the identification of all instances, if any, in which Plaintiff received any physical or medical examinations, blood testing, monitoring, analysis, treatment, health screening, or consultation related to exposure to PFAS or the presence or amount of PFAS present in Plaintiff's blood or body, including the location(s) and date(s) of any such instances, any healthcare provider(s) who performed or otherwise participated in any identified examination, testing, monitoring, analysis, treatment, screening, or consultation, and the results of any identified examination, testing, monitoring, analysis, treatment, screening, or consultation.

**ANSWER:** Subject to and without waiving his general objections and the other objections set forth in his response to Interrogatory No. 5 above, Mr. Hardwick incorporates herein as if restated in full his response and objections to Interrogatory No, 5 above.

7. Identify all healthcare providers from whom Plaintiff has sought or received medical treatment, care, counseling, or other medical services for any potential or actual condition that Plaintiff claims to be related to or associated with exposure to PFAS, or for any screening, testing, or monitoring for any potential or actual condition that Plaintiff claims to be related to or associated with exposure to PFAS, including the locations at which Plaintiffs sought or received such treatment, care, counseling, or services, the date(s) or time period(s) during

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID 04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com
Page 9 of 22    9F78888D56D8A

Plaintiff sought or received treatment, care, counseling, or services, and the reason(s) that Plaintiff sought or received treatment, care, counseling, or services from each such healthcare provider.

**ANSWER:** Subject to and without waiving his general objections and the other objections set forth in his response to Interrogatory No. 5 above, Mr. Hardwick incorporates herein as if restated in full his response and objections to Interrogatory No. 5 above. Also, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that █████████████████████████████ ████████████████████████████████████████████████████ ███████████ This answer is CONFIDENTIAL – SUBJECT TO HARDWICK PROTECTIVE ORDER.

8.      To the extent not provided in response to Interrogatory No. 7, identify all healthcare providers from whom Plaintiff has sought or received medical treatment, care, counseling, or other medical services for any reason, including the locations at which Plaintiffs sought or received such treatment, care, counseling, or services, the date(s) or time period(s) during Plaintiff sought or received treatment, care, counseling, or services, and the reason(s) that Plaintiff sought or received treatment, care, counseling, or services from each such healthcare provider.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, contains multiple subparts and separate interrogatories,  seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification. Mr. Hardwick's personal medical information is irrelevant to Mr. Hardwick's and the putative class's claims, as Mr.

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

**DocVerify ID  04F53960-7C19-49E6-881A-F78888D56D8A**
www.docverify.com

Page 10 of 22     10F78888D56D8A

Hardwick and the putative class seek only equitable and/or injunctive relief and do not seek any compensatory damages for personal injuries in this case. Moreover, Mr. Hardwick does not allege for purposes of his litigation that he is currently suffering any diagnosed illness or disease he believes to be caused by PFAS. Rather, Mr. Hardwick asserts that Defendants' PFAS has entered, is persisting in, and is accumulating in his blood and body and will continue to persist and accumulate there without his consent..

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he has sought or received medical treatment, care, counseling, or other medical services from the following medical providers:

- <u>Primary Care Physician</u>: Dr. Barry Brook, 4750 E Galbraith Rd., Ste. 111, Cincinnati, Ohio 45236-6706, (513) 686-4840 (from 1986 to present);

- <u>Former Primary Care Physician</u>: Dr. Larry Best (Retired), Pippin Rd., Cincinnati, Ohio 45231 (from 1975 to 1986);

- <u>Dentist</u>: Dr. Julia Kinlaw, 411 Wyoming Ave., Wyoming, Ohio 45215, (513) 821-0659;

- <u>Dentist</u>: Dr. Rob Limardi, 3174 Mack Rd., Ste. 1, Fairfield, Ohio 45014, (513) 891-3200;

- <u>ENT</u>: Dr. Brad Lemberg, 752 Waycross Rd., Cincinnati, Ohio 45240, (513) 825-5454.


9.      Identify any primary care physician(s) seen by Plaintiff since 1975.

**ANSWER:** Mr. Hardwick incorporates herein as if restated in full his objections and response to Interrogatory No. 8 above.


10.      Identify any person who has recommended, counseled, or advised Plaintiff to be

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

11

monitored for blood levels of any PFAS or for any actual or potential condition allegedly associated with exposure to any PFAS.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification. The information requested is irrelevant to Mr. Hardwick's and the putative class's claims, as Mr. Hardwick and the putative class seek only equitable and/or injunctive relief and do not seek any compensatory damages for personal injuries in this case. Moreover, Mr. Hardwick does not allege for purposes of this litigation that he is currently suffering any diagnosed illness or disease he believes to be caused by PFAS. Rather, Mr. Hardwick asserts that Defendants' PFAS has entered, is persisting in, and is accumulating in his blood and body and will continue to persist and accumulate there without his consent.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ This answer is CONFIDENTIAL – SUBJECT TO HARDWICK PROTECTIVE ORDER.

11.     Identify all training, certifications, and instructions that Plaintiff has received on the use, handling, disposal, or procurement of any AFFF, including the date(s), location(s), and provider(s) of any training, certification, or instruction, and the substance of such training, certification, or instruction.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID 04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 12 of 22     12F78888D56D8A

broad, unduly burdensome, includes multiple subparts and separate interrogatories, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he has completed various firefighting trainings from 1976 to present that relate to fire suppression activities generally. He completed these training at the New Burlington Fire Department, the Cincinnati/Northern Kentucky International Airport Fire Department, and the Glendale Fire Department. Mr. Hardwick states that these trainings did not address the dangers associated with AFFF and PFAS and, instead, addressed the uses and applications of AFFF.

12. Identify any and all certifications, trainings, and organization or group memberships that Plaintiff has received or obtained related to fire-fighting or fire-fighting equipment or gear, including the dates or time periods, and location(s), of any such certification, training, or membership.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he is certified as a hazardous materials technician and has completed various firefighting trainings from 1976 to present that relate to fire suppression and firefighting

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID 04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 13 of 22    13F78888D56D8A

equipment and gear. Mr. Hardwick further states that he has been instructing firefighters since the early 1980s.

13.     Identify and describe all lawsuits filed in state or federal court in which Plaintiff has been a party, class member, or witness (including any civil, criminal, or bankruptcy proceedings), including for each such lawsuit, the case number, court/venue, and judge; the allegations of the case and claims asserted; Plaintiff's role in the case, including but not limited to whether Plaintiff was a plaintiff, defendant, or witness; whether Plaintiff provided any testimony or documents; and the status or disposition of the lawsuit, whether by judgment, settlement, or otherwise.

ANSWER: <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, contains multiple subparts and separate interrogatories, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he has not been a party, class member (to his knowledge), or witness in any prior lawsuit.

14.     Identify each occasion on which Plaintiff has communicated with any of the Defendants to this lawsuit, and the person(s) with whom Plaintiff communicated, the date of such communication, type of communication (e.g., in-person, telephone, email, letter, etc.), substance of such communication, and result, if any, of such communication.

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID  04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 14 of 22    14F78888D56D8A

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense,is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he is not aware of having ever communicated with any of the Defendants to this lawsuit.

15. Identify each occasion on which Plaintiff has communicated with any local, state, federal or other agency, state fire marshal, manufacturers or suppliers of PFAS, manufacturer or supplier of AFFF, manufacturer or supplier of fire-fighting equipment or gear, or putative class member, relating to or regarding PFAS, AFFF, or the subject matter of this lawsuit, including the person(s) with whom Plaintiff communicated, the date of such communication, type of communication (e.g., in-person, telephone, email, letter, etc.), substance of such communication, and result, if any, of such communication.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, contains multiple subparts and separate interrogatories, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that on November 6, 2018, the Ohio State Fire Marshall sent an email to him about the

04F53960--7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID  04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 15 of 22  |  15F78888D56D8A

environmental and health hazards of AFFF containing PFAS. Mr. Hardwick is producing the November 6, 2018 email to Defendants.

16.      Identify any and all federal or state disability claim(s) and worker's compensation claim(s) that Plaintiff has made or that have been made on his behalf, the date(s) of any such claim(s), the basis for the claim(s), and the outcome of the claim(s). This Interrogatory includes, but is not limited to, any claims relating to potential or actual condition(s) that Plaintiff claims to be related to or associated with exposure to PFAS.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory because it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not relevant to the current issues of class certification.

Subject to and without waiving his objections, and without waiving any argument that the information provided is not relevant or admissible as evidence in this matter, Mr. Hardwick states that he has not made any federal or state disability claim or worker's compensation claim.

17.      Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "marketed . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification.  Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

04F53960--7C19-49E6-881A-F78888D56D8A -- 2020/07/09 14:04:27 -8:00 -- Remote Notary

18.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "developed . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** Objection. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification. . Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

19.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "manufactured . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** Objection. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification. Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

20.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "distributed . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** Objection. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification. Mr. Hardwick therefore states that he defers responding to this interrogatory until

17

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

after the parties have completed discovery and briefing relating to class certification.

21.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "released . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification.  Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

22.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "trained users [regarding] . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification.  Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

23.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "produced instructional materials [regarding] . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class

18

certification. Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

24.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "sold . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification.  Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

25.     Identify all factual bases, if any, for Plaintiff's allegation that Arkema Inc. and/or Arkema France "otherwise handled and/or used . . . PFAS that are the subject of this Complaint, including in Ohio and this District." Am. Compl. ¶¶ 14, 17.

**ANSWER:** <u>Objection</u>. Mr. Hardwick objects to this interrogatory as a premature contention interrogatory seeking information that is irrelevant to the current issues of class certification.  Mr. Hardwick therefore states that he defers responding to this interrogatory until after the parties have completed discovery and briefing relating to class certification.

Dated: July 9, 2020                          Respectfully submitted,

                                             /s/ David J. Butler
                                             David J. Butler (0068455), Trial Attorney
                                             Jonathan N. Olivito (0092169)
                                             Taft Stettinius & Hollister LLP
                                             65 East State Street, Suite 1000
                                             Columbus, Ohio 43215

19

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary



04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

Telephone: (614) 221-2838
Facsimile: (614) 221-2007
dbutler@taftlaw.com
jolivito@taftlaw.com

Robert A. Bilott (0046854)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Telephone: (513) 381-2838
Facsimile: (513) 381-0205
bilott@taftlaw.com

      -and-

Michael A. London (pro hac vice)
Rebecca G. Newman (pro hac vice)
Douglas & London, PC
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566 7501
mlondon@douglasandlondon.com
rnewman@douglasandlondon.com

      -and-

Ned McWilliams (pro hac vice)
Levin Papantonio Thomas Mitchell Rafferty &
Proctor P.A.
316 South Baylen Street
Pensacola, FL 32502
Telephone: (850) 435-7138
nmcwilliams@levinlaw.com

*Attorneys for Plaintiff*

**DocVerify ID**  04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com

Page 20 of 22    20F78888D56D8A


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by email on all counsel of record this 9th day of July 2020.

/s/ David J. Butler
David J. Butler (0068455)

27435206.3


04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary

DocVerify ID  04F53960-7C19-49E6-881A-F78888D56D8A
www.docverify.com
Page 21 of 22    21F78888D56D8A

# <u>VERIFICATION</u>

STATE OF <u>OHIO</u>          )
                             )     ss:
COUNTY OF <u>HAMILTON</u>      )

The undersigned hereby certifies that the foregoing responses to Arkema Inc.'s First Set of Interrogatories to Plaintiff are true and correct to the best of his knowledge, information, and belief.



Signature

Kevin Hardwick

Printed Name

Sworn to before me and subscribed in my presence this <u>9th</u> day of <u>July</u> 2020.





Notary Public

04F53960-7C19-49E6-881A-F78888D56D8A — 2020/07/09 14:04:27 -8:00 — Remote Notary