# EXHIBIT 11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN D. HARDWICK, | CIVIL ACTION NO. 2:18-cv-1185 |
| Plaintiff, | JUDGE EDMUND A. SARGUS, JR. |
| v. | CHIEF MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS |
| 3M COMPANY, et al., | |
| Defendants. | |

## PLAINTIFF KEVIN D. HARDWICK'S RESPONSE AND OBJECTIONS TO DEFENDANT SOLVAY SPECIALTY POLYMERS USA, LLC'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Kevin D. Hardwick ("Mr. Hardwick") hereby responds and objects to Defendant Solvay Specialty Polymers USA, LLC's ("Solvay's") Second Set of Interrogatories to Plaintiff (the "Interrogatory"). Mr. Hardwick's response and objections are based on the information currently known to him after a good faith inquiry. Mr. Hardwick reserves the right to amend, supplement, clarify, revise, or correct, in one or more supplemental response, any or all responses or objections to Solvay's Interrogatory.

## GENERAL OBJECTIONS

The following general objections apply to Solvay's Interrogatory.

1.  Mr. Hardwick objects to Solvay's Interrogatory to the extent that Solvay's instructions or definitions attempt to generate any duty or impose any burden that is inconsistent with the Federal Rules of Civil Procedure, the Court's local rules, or any protective order or ESI order entered in this case.

2.  Mr. Hardwick objects to Solvay's Interrogatory to the extent that it seeks

information that is not relevant to any party's claim or defense as to the merits, or is seeking information that is not currently relevant to the preliminary issue of class certification, which is to be addressed before addressing any such merits issues.

3. Mr. Hardwick objects to Solvay's Interrogatory to the extent that it seeks information that is not proportional to the needs of the case.

4. Mr. Hardwick objects to Solvay's Interrogatory to the extent that it is unreasonably cumulative or duplicative or unduly burdensome.

5. Mr. Hardwick objects to Solvay's Iinterrogatory to the extent that Solvay can obtain the requested information from some other source that is more convenient, less burdensome, or less expensive or because the requested information is available to Solvay through the public domain, publicly accessible files or dockets, or through Solvay's own freedom of information requests or similar requests for information from government entities.

6. Mr. Hardwick objects to Solvay's Interrogatory to the extent that it seeks information protected from disclosure by the attorney–client privilege, the work–product doctrine, or any other applicable privilege, immunity, or protection against disclosure. The inadvertent production of any such privileged or protected information or documents shall not constitute a waiver of any applicable privilege or protection, and shall be governed by the Court's Protective Order (ECF No. 161) and applicable Federal and Local Rules.

7. Mr. Hardwick objects to Solvay's Interrogatory to the extent that it requests information that is not within Mr. Hardwick's personal knowledge or requires a response by Mr. Hardwick on behalf of other individuals or entities, including but not limited to any other member of the proposed class. Mr. Hardwick provides his response and objections for only himself, not on behalf of another individual or entity or on behalf of any current for former

employer or other third party or other proposed class member. Mr. Hardwick provides his response and objections based solely on what he personally knows.

8.  Mr. Hardwick objects to Solvay's Interrogatory to the extent that it seeks Mr. Hardwick's personal medical information. Such information is irrelevant to Mr. Hardwick's and the putative class's claims, as Mr. Hardwick and the putative class seek only equitable and/or injunctive relief and do not seek any compensatory damages for personal injuries in this case. To the extent that Mr. Hardwick nevertheless provides any responsive information on such issues, it is provided subject to and without waiving this objection.

9.  Mr. Hardwick objects to Solvay's instruction 14 to the extent that it purports to impose any requirements inconsistent with the relevant federal and local rules or with the terms of any protective order or ESI order entered in this case.

**SPECIFIC RESPONSE AND OBJECTIONS TO THE INTERROGATORY**

**INTERROGATORY:** Please set forth in detail your plan for trying this case as a class action, including, but not limited to (a) whether and how you would provide notice to the class and the contents of that notice; (b) what issues you would have decided on a class-wide basis and what issues you would have decided on an individual basis, and which of those issues the judge and the jury, respectively, would decide; (c) what role, if any, the PFAS Science Panel proposed in the operative complaint and the "scientific studies/scientific panel" relief proposed in Plaintiff's Memorandum in Support of Motion for Class Certification would have at trial; (d) what, if any, proceedings would follow a trial of class-wide issues and what issues would be decided in those follow-on proceedings; and (e) how you plan to determine eligibility for, allocate, and administer any class or individual relief.

**ANSWER:** <u>Objection</u>. In addition to the General Objections set forth above, Mr. Hardwick specifically objects to this Interrogatory because: (1) it seeks information protected under the work–product doctrine, including the mental impressions, conclusions, opinions, and legal theories of Mr. Hardwick's counsel concerning this litigation; (2) it contains multiple uncounted subparts; and (3) it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case in the context of the current class certification issues before the Court. Mr. Hardwick further objects because Solvay can obtain the requested information from other sources: Mr. Hardwick refers Solvay to the information provided in his First Amended Complaint, his briefing in response to Defendants' various motions to dismiss (and related oral argument), his Motion and Memorandum (and any upcoming Reply) in Support of his Motion for Class Certification (and accompanying Exhibits), and any related oral argument of Mr. Hardwick's counsel on class certification issues for potentially responsive information.

Dated: September 18, 2020                    Respectfully submitted,

/s/ David J. Butler
David J. Butler (0068455), Trial Attorney
Jonathan N. Olivito (0092169)
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: (614) 221-2838
Facsimile: (614) 221-2007
dbutler@taftlaw.com
jolivito@taftlaw.com

Robert A. Bilott (0046854)
Brian A. Morris (0093530)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Telephone: (513) 381-2838
Facsimile: (513) 381-0205
bilott@taftlaw.com
bmorris@taftlaw.com

Gary J. Douglas (pro hac vice)
Michael A. London (pro hac vice)
Rebecca G. Newman (pro hac vice)
Douglas & London, PC
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566 7501
gdouglas@douglasandlondon.com
mlondon@douglasandlondon.com
rnewman@douglasandlondon.com

Ned McWilliams (pro hac vice)
Levin Papantonio Thomas Mitchell Rafferty & Proctor P.A.
316 South Baylen Street
Pensacola, FL 32502
Telephone: (850) 435-7138
nmcwilliams@levinlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by email on all counsel of record this 18th day of September 2020.

/s/ David J. Butler
David J. Butler (0068455)

27861070.2