**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: E.I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION** | **CASE NO. 2:13-MD-2433** |
| | **Chief Judge Edmund A. Sargus, Jr.**<br>**Chief Magistrate Judge Elizabeth Preston Deavers** |
| **This document relates to:** | **Kevin D. Hardwick v. 3M Company., *et al*.,**<br>**Case No. 2:18-cv-1185**[1] |

**ORDER**

This matter is before the Court for consideration of Defendants' Unopposed Motion to Substitute Exhibit. (ECF No. 202 filed in No. 2:18-cv-1185.) Through this motion, upon Plaintiff's request, Defendants seek to replace the redacted version of Exhibit 6 filed on the public record with a more highly redacted version.[2] (*Id*.) Defendants explain that the portion of this exhibit as currently redacted continues to include information designated as "Confidential" by Plaintiff pursuant to the parties' protective order. (*Id*.) Defendants advise the Court that Plaintiff's counsel does not oppose this request. (*Id*.) Although captioned as a motion to substitute, in essence, Defendants' motion seeks to seal additional information from the public record and will be evaluated under the standard applicable to such requests.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal

---

[1] Defendants' Motion is filed only in No. 18-1185.

[2] Defendants' previous Motion to Seal, seeking to file certain highly confidential medical information under seal accompanied by a redacted version filed on the public record, was granted by Order dated December 14, 2020. (ECF Nos. 198, 199.) The original redacted version of Exhibit 6 was filed pursuant to that Order.

records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness").  Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (6th Cir. June 20, 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).  Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).  If a district court "permits a pleading to be filed under seal or with

redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Defendants state that their motion is based on the fact that the additional information sought to be redacted was designated as "Confidential" by Plaintiff under the terms of the protective order. This broad statement does not demonstrate a detailed analysis as to why this information should be redacted from the public record or, that is, filed under seal. Moreover, that the documents are covered by a protective order or have been designated as confidential by Plaintiff is not sufficient reason to seal them from the public after the parties placed the documents in the judicial record. *Shane Grp., Inc.*, 825 F.3d at 307. Accordingly, Defendants' Motion for Leave to Substitute (ECF No. 202), construed as a motion to seal, is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**


Date: December 29, 2020            */s/ Elizabeth A. Preston Deavers*
                                             ELIZABETH A. PRESTON DEAVERS
                                             CHIEF UNITED STATES MAGISTRATE JUDGE