**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN D. HARDWICK,**

        **Plaintiff,**                      Case No. 2:18-cv-1185
                                                     JUDGE EDMUND A. SARGUS, JR.
**v.**                                           Magistrate Judge Elizabeth A. Deavers

**3M COMPANY,** *et al.*,

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Daikin Industries, Ltd.'s ("Daikin") Petition for Permission to Appeal Under 28 U.S.C. § 1292(b) (ECF No. 188), Plaintiff's Memorandum in Opposition to the Petition (ECF No. 189), and Daikin's Reply in Support of the Petition (ECF No. 194). For the reasons that follow, the Court **DENIES** Daikin's Petition. (ECF No. 188.)

**I. BACKGROUND**

Plaintiff Kevin D. Hardwick filed this action against 3M Company, Daikin, Daikin America, Inc., E. I. du Pont de Nemours and Company, the Chemours Company, Archroma Management L.L.C. ("Archroma"), Arkema, Inc., Arkema France, S.A., Solvay Specialty Polymers, USA, LLC, and AGC Chemicals Americas, Inc. This case focuses on "PFAS," which are man-made chemicals described by the United States Environmental Protection Agency as follows:

> Per- and polyfluoroalkyl substances (PFAS) are a group of man-made chemicals that includes PFOA, PFOS and GenX chemicals. Since the 1940s, PFAS have been manufactured and used in a variety of industries around the globe, including in the United States. PFOA and PFOS have been the most extensively produced and studied of these chemicals. Both are very persistent in the

>environment and in the human body. Exposure to certain PFAS can lead to adverse human health effects.

https://www.epa.gov/pfas/pfas-what-you-need-know-infographic.

Mr. Hardwick alleges that he and others in Ohio and the nation have potentially dangerous amounts of PFAS in their blood. He brings claims for negligence, battery, conspiracy, and declaratory judgment. Mr. Hardwick asks for equitable relief in the form of a panel of scientists to study the effects that the PFAS has in his body and for medical monitoring as part of that relief.

Defendants moved jointly to dismiss this case in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction (ECF Nos. 67, 83), and each Defendant moved separately under Rule 12(b)(2) for dismissal based on lack of personal jurisdiction (ECF Nos. 68, 69, 71, 72, 73, 82, 84, 113). The Court issued a decision denying all Defendants' Motions to Dismiss. *See Hardwick v. 3M Co.*, 2:18-CV-1185, 2019 WL 4757134, at *1 (S.D. Ohio Sept. 30, 2019).

Daikin and another foreign defendant, Archroma, filed a Motion to Reconsider the Denial of their Motions to Dismiss for Lack of Personal Jurisdiction. (ECF Nos. 131.) Daikin and Archroma argued that this Court's conclusion was in violation of "Sixth Circuit precedent dating back 50 years." (Defs' Reply to Mot. for Reconsideration at 1, ECF No. 140.) Daikin and Archroma contended that instead of relying on precedent, this Court relied upon "stray language in *CompuServe* [*v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)] or cases like it." (Defs' Mot. for Reconsideration at 8, ECF No. 131.)

After briefing was complete on the reconsideration motion (ECF Nos. 133, 140), the Sixth Circuit issued *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499 (6th Cir. 2020), a decision in the line of cases that establish the applicable burdens under Federal Rule of Civil

2

Procedure 12(b)(2).  In *Malone*, as in the instant action, a foreign defendant moved for dismissal under Rule 12(b)(2), which the district court decided without the benefit of discovery or an evidentiary hearing, but rather on written submissions alone, including affidavits from the foreign defendant.

In *Malone*, district court granted the motion to dismiss.  The Sixth Circuit in a published opinion reversed the district court's grant of dismissal, clarifying the effect of affidavits on a plaintiff's prima facie case when a court decides a motion for dismissal for lack of personal jurisdiction without the benefit of discovery or an evidentiary hearing, finding them "irrelevant." *Malone*, 965 F.3d at 505–06.  As did this Court in its decision denying Daikin's Motion to Dismiss for Lack of Personal Jurisdiction, *Malone* relied on numerous prior decisions by which it was bound.  *Id*. at 502–06 (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989); *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1169 (6th Cir. 1988); *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1989); *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002); *Schneider v. Hardesety*, 669 F.3d 693, 697 (6th Cir. 2012); *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)).

This Court included *Malone* in its decision denying Daikin's request for reconsideration. *See Hardwick v. 3M Co.*, 2:18-CV-1185, 2020 WL 4436347 (S.D. Ohio Aug. 3, 2020).  In that decision, the Court specifically states that *Malone* clarified the standard applicable to Daikin's request for dismissal under Rule 12(b)(2).  *Id*. at *4 ("In a published opinion issued last week, the Sixth Circuit clarified the exact issue the Moving Defendants highlight in their Motion for Reconsideration.").

3

Daikin admits that this Court's decision followed Sixth Circuit precedent, stating that *Malone* "sided with this Court in holding that a plaintiff makes out his prima facie case with allegations of jurisdiction alone; any affidavits submitted by the defendant are 'irrelevant.'" (Petition at 3, ECF No. 188) (quoting *Malone*, 965 F.3d at 505–06). However, Daikin believes that the *Malone* panel misinterpreted Sixth Circuit law, arguing that "*Malone* changed seventy-plus years of law on deciding cases in this posture." (Reply at 8, ECF No. 194.) Daikin has, therefore, filed a Petition asking this Court to certify for immediate appeal under 28 U.S.C. § 1292 its decisions on personal jurisdiction so the Sixth Circuit is forced to resolve the "intra-circuit split" Daikin contends *Malone* caused. (Petition at 7, ECF No. 188)

**II.**

Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

As evidenced by the plain text, § 1292(b) certification is proper when "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). All three elements must be met before certification is appropriate.

An interlocutory appeal under § 1292(b) "should be sparingly applied and is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966)); *In re Trump*,

4

874 F.3d 948, 952 (6th Cir. 2017) (same); *In re General Motors, LLC*, No. 19-0107, 2019 WL 8403402, at *1 (6th Cir. Sept. 25, 2019) (stating appeal under § 1292 is "the exception, granted only in an extraordinary case."). For example, an immediate appeal could be warranted in the rare case in which "there is a circuit split on a question that *our own circuit has not answered*." *In re Miedzianowski*, 735 F.3d at 384 (emphasis original).

### III.

Daikin petitions for certification of an interlocutory appeal of this Court's denial of its requests for dismissal for lack of personal jurisdiction. Daikin posits that this Court's decisions are "understandable, for that is also what the Sixth Circuit held in *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499 (6th Cir. 2020)." (Petition at 1, ECF No. 188.) Daikin acknowledges that *Malone* is directly on point and that "[i]f *Malone* governs, this Court at this stage may have jurisdiction over D[aikin]." (Petition at 3, ECF No. 188.) That is, Daikin admits that this Court's decisions follow published Sixth Circuit precedent.

Nevertheless, Daikin argues that *Malone* split with "decades of precedent." (Petition at 3, ECF No. 188.) Daikin believes it necessary for this Court to certify an immediate appeal so to force the Sixth Circuit to resolve what Daikin has concluded is a split in this circuit on the personal jurisdiction analysis. Daikin frames the issue for the Sixth Circuit as:

> Either an affidavit is relevant to a Rule 12(b)(2) motion, as seventy years of precedent holds, or it is not, as *Malone* held. That is all the Sixth Circuit would need to decide.

*Id*. at 5.

While Daikin makes no mention of it, the Sixth Circuit has had the opportunity to decide this exact question in the wake of *Malone*, as counsel for Daikin is aware.

5

Specifically, on August 4, the day after this Court issued its decision denying Daikin's motion to reconsider, *counsel for Daikin* made an appearance in *Malone* and filed a Motion to File Amici Curiae Brief in Support of Petition for Rehearing En Banc. (*Malone*, Sixth Cir. Case No. 19-3880, Sixth Cir. ECF No. 42–44, 46.) The same counsel represents Daikin in the present action.[1]

In the Motion to File as Amici Curiae, Daikin made the same arguments to the Sixth Circuit framed in the same way as that it makes in its current Petition before this Court, *i.e.*, either an affidavit is relevant to a Rule 12(b)(2) motion, as decades of precedent holds, or it is not, as *Malone* held. Daikin presented the facts of this case to the Sixth Circuit in *Malone*, arguing:

> 6. Even more specifically, Daikin Industries and Archroma Management can speak to a particular case—*Hardwick v. 3M Company*, No. 2:18-cv-01185 (S.D. Ohio)—that shows the errors of the [*Malone*] panel, and the mischief those errors can cause, in practice.
>
> 7. Just *yesterday*, the district court in *Hardwick* relied solely[2] on the panel decision in *Malone* to deny Daikin Industries' and Archroma Management's

---

[1] The Court notes that counsel for Archroma also made an appearance and joined the request to file as amici curiae before the Sixth Circuit. That same counsel represents Archroma in the present action. And, while Archroma did request reconsideration from this Court on the decision denying its motion for dismissal under Rule 12(b)(2), Archroma does not join Daikin in its Petition for immediate appeal that is currently before the Court.

[2] It is factually inaccurate to say that this Court's Opinion and Order relied *solely* on *Malone* to deny the reconsideration motion filed by Daikin and Archroma. This Court relied not only on *Malone's* clarification of the law to deny reconsideration of the denial of personal jurisdiction, but also on *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012); *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006); *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002); *CompuServe Inc. v. Patterson,* 89 F.3d 1257, 1262-63 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1213–14 (6th Cir. 1989); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir. 1974).

These are the same cases the Court relied upon to deny Daikin's request for dismissal for lack of personal jurisdiction *before Malone* was issued. *See Hardwick v. 3M Co.*, 2:18-CV-1185, 2019

motion. *See* No. 2:18-cv-01185 (S.D. Ohio, Aug. 3, 2020), ECF No. 166. The court deemed "*irrelevant*" uncontroverted affidavits in support of a motion to dismiss for lack of personal jurisdiction, just as the panel did in *Malone*. *Id*. at 9 (emphasis added).

. . . .

9. Because of *Malone*, therefore, Daikin Industries and Archroma Management—two foreign companies that swore they directed no suit-related activities at Ohio—now face merits discovery in *Hardwick*. And *Hardwick* is no small case. It is a putative class action brought on behalf of *99% of all Americans*.

10. Daikin Industries and Archroma Management thus have a significant interest in this appeal—not only because it bears on its *Hardwick* case, but also because, if uncorrected, the panel decision will radically reshape personal-jurisdiction practice in this Circuit, affecting them and other companies in other cases.

(Daikin Mot. to File Amici Curiae at 2–4, *Malone*, Sixth Cir. Case No. 19-3880, Sixth Cir. ECF No. 46) (emphasis in original).

On August 13, 2020, the Sixth Circuit denied the Motion to File Amici Curiae Brief in Support of Petition for Rehearing En Banc filed by Daikin and Archroma. (*Malone*, Sixth Cir. Case No. 19-3880, Sixth Cir. ECF No. 48.)

On August 17, 2020, the Sixth Circuit denied the Petition for a Rehearing En Banc. (*Malone*, Sixth Cir. Case No. 19-3880, Sixth Cir. ECF No. 49.) In the Petition for Rehearing En Banc, the foreign defendant, Rexon, argued that the *Malone* "Panel's decision conflicts with forty-plus years of this court's precedent on an issue of international and constitutional importance which arises daily in district courts." (*Id*. at 1, 2, 5.) Rexon made the same basic arguments as Daikin does in its Petition for Interlocutory Appeal that is the subject of this Opinion and Order, *i.e.*, the *Malone* "panel was the first to dub the uncontroverted evidence

---

WL 4757134, at *1 (S.D. Ohio Sept. 30, 2019) (denying motions filed under Rule 12(b)(2) for lack of personal jurisdiction).

submitted by a defendant 'irrelevant,' rather than to follow it and dismiss the defendant [Rexon] for lack of personal jurisdiction. (*Id*. at 7) (quoting *Malone*, 965 F.3d at 505–06). In denying the request, the Sixth Circuit stated:

> The court received a petition for rehearing en banc. The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case.
>
> The petition then was circulated to the full court. No judge has requested a vote on the suggestion for rehearing en banc. Therefore, the petition is denied.

*Id*.

On September 1, 2020, two weeks *after* the Sixth Circuit denied Rexon's Petition for a Rehearing En Banc, Daikin filed its Petition to Certify for Interlocutory Appeal in this case.

In its Petition to Certify for Interlocutory Appeal, Daikin insists that this Court should permit an immediate appeal so that the Sixth Circuit can reconsider an issue that, in the Sixth Circuit's view was already "fully considered" in *Malone*. (Denial of Petition for Rehearing En Banc, *Malone*, Sixth Cir. Case No. 19-3880, Sixth Cir. ECF No. 49.) Daikin repeats many of the arguments it made to the Sixth Circuit in its Motion to File as Amici Curiae and many of the arguments Rexon made to the Sixth Circuit in its Petition for Rehearing En Banc—both of which were denied.

The arguments are that *Malone* caused an "intra-circuit split" that the Sixth Circuit should immediately resolve, and that "[i]t has been only weeks since *Malone* issued, and it is already causing confusion and conflict in this Circuit." (Petition at 7, ECF No. 188)

Plaintiff responds in opposition to Daikin's Petition, arguing that, "*Malone* did not create an intra-circuit split or confusion within the Sixth Circuit," and that Daikin does not meet the

8

standard for immediate appeal under 28 U.S.C. § 1292(b). (Pl. Mem. in Opp. at 9, ECF No. 189.) This Court agrees.

**A.      Petition for Appeal**

As stated above, Daikin must meet all three elements set out in 28 U.S.C. § 1292(b) to prevail on its request for an interlocutory appeal of this Court's personal jurisdiction decisions. The Court begins and ends its analysis with the second requirement – that a substantial ground for difference of opinion exists regarding the correctness of this Court's decision. The Sixth Circuit notes that some district courts utilize a four-pronged test to make this determination, stating:

> District courts in this circuit have interpreted "a substantial ground for difference of opinion . . . regarding the correctness of the decision" to mean when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *City of Dearborn v. Comcast of Mich. III, Inc.,* No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008).

*In re Miedzianowski*, 735 F.3d at 384.

Daikin, therefore, maintains that "[t]his prong of § 1292(b) [difference of opinion] is established *either* when 'a difference of opinion exists within the controlling circuit' *or* when 'the circuits are split on the issue.'" (Petition for Cert. at 5, ECF No. 188) (quoting *Brickman Group*, 845 F. Supp. 2d at 866). Daikin asserts that "[b]oth apply here." *Id*. at 6. In other words, Daikin's assessment of *Malone* is that it is not only out of line with prior Sixth Circuit precedent, but that it also reflects the minority opinion in other federal circuits. Daikin concludes:

> Faced with this split in authority on a controlling question of law—indeed a question that is dispositive of the litigation as to D[aikin]—what is this Court to do? This is one of those rare instances in which § 1292(b) certification is proper.

(Petition at 2, ECF No. 188.)

As to the first argument, Daikin misinterprets the law upon which it relies regarding what constitutes a difference of opinion within the controlling circuit, here the Sixth Circuit.  "A substantial ground for a difference of opinion may exist where the Sixth Circuit 'has not rendered a decision on the matter,' and the relevant authorities are 'susceptible to competing interpretations.'"  *Beaudry v. TeleCheck Services, Inc.*, 3:07-0842, 2008 WL 11429953, at *3 (M.D. Tenn. Oct. 23, 2008) (quoting *W. Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) (finding that "a substantial disagreement of opinion exists" because "*Shaw, Wygant,* and *Croson* are all susceptible to competing interpretations, and the Sixth Circuit has not rendered a decision on the matter").  Stated another way, a difference of opinion within the controlling circuit means that the controlling circuit *has no binding authority* on the issue and the relevant authorities are susceptible to competing interpretations.

Thus, the proper inquiry is directed toward whether there is a substantial ground for difference of opinion regarding the correctness of a district court's decision *in the absence of binding authority*.  When there is binding authority, as is the case here, this Court must follow it.  *United States v. Yoon,* 398 F.3d 802, 806 (6th Cir. 2005) (unless the United States Supreme Court or the Sixth Circuit sitting *en banc* overrules or modifies Sixth Circuit precedent, courts must follow the precedent); *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.").

With regard to Daikin's second argument, it posits that "even if there is no 'intra-circuit split or confusion within the Sixth Circuit,' . . . . [s]ubstantial disagreement is met when 'the circuits are split on the issue.'" (Reply at 5, ECF No. 194) (quoting *Brickman Group*, 845 F. Supp. 2d at 867). Again, this is a misinterpretation of the law of this circuit. Indeed, the Sixth Circuit has spoken directly to this issue, stating:

> The district court relied on the fact that other circuits [are split on a particular issue]. However, there is no difference of opinion in this circuit, and we view the relevant inquiry under the [difference of opinion] prong to be whether there is a circuit split on a question that our own circuit has not answered.
>
> Where our circuit has answered the question, the district court is bound by our published authority. And so are we.
>
> Because there is governing precedent in this circuit that settles the issue at hand, Defendants cannot show the extraordinary circumstances such that an interlocutory appeal should be granted. *See Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966) (observing that § 1292(b) "should be sparingly applied "and" is to be used only in exceptional cases").

*In re Miedzianowski*, 735 F.3d 383 at 384.

In the case *sub judice*, all parties agree that the Sixth Circuit in *Malone* has spoken directly to the issue of the appropriate burdens under Rule 12(b)(2). Thus, the inquiry ends there. This Court "is bound by [the Sixth Circuit's] published authority." *Id*. "Because there is governing precedent in this circuit that settles the issue at hand, D[aikin] cannot show the extraordinary circumstances such that an interlocutory appeal should be granted." *Id*.

**B.     Aftermath of *Malone***

Daikin asserts that *Malone* "is already causing confusion and conflict in this Circuit." (Petition at 7, ECF No. 188); (Reply at 8, ECF No. 194: "Hardwick's argument that *Malone* has not caused and will not create any confusion is not only make-weight, but has been belied by *Malone*'s wake."). Yet, Daikin fails to cite *any* case where there is confusion and/or conflict

11

caused by *Malone*. This is understandable since there are no cases available for that proposition – indeed the opposite.

All of the district courts that have considered *Malone* agree with this Court's assessment that the decision clarified the law but made no departure from prior precedent. For example, the Middle District of Tennessee opined:

> While these motions were pending, the Sixth Circuit released an opinion that *clarified the respective burdens on the parties with respect to a Rule 12(b)(2) motion*, as well as the options available to—or not available to—district courts when they consider such motions [that are decided without discovery or an evidentiary hearing].

*Willock v. Hilton Dom. Operating Co., Inc.*, 474 F. Supp. 3d 938, 945 (M.D. Tenn. 2020) (emphasis added).

Likewise, all other courts to consider motions to dismiss for lack of subject matter jurisdiction since the issuance of *Malone* either explicitly or implicitly agree that the case simply clarified the respective burdens when the motion is decided without benefit of discovery or an evidentiary hearing. *See Sanders v. Allenbrooke Nursing and Rehab. Ctr., LLC*, 2:20-CV-02001, 2020 WL 5651675, at *2 (W.D. Tenn. Sept. 22, 2020); *LeafFilter N., LLC v. Home Craft Builders, Inc.*, 4:20-CV-1442, 2020 WL 5851124, at *1 (N.D. Ohio Sept. 16, 2020); *TCB Remarketing, LLC v. Metro Auto Auction, LLC*, 20-10626, 2020 WL 5548385, at *3 (E.D. Mich. Sept. 16, 2020); *Brown v. Quince Nursing and Rehab. Ctr., LLC*, 2:18-CV-2740, 2020 WL 4873670, at *2 (W.D. Tenn. Aug. 19, 2020).

Finally, the Sixth Circuit itself already had the opportunity to reconsider *Malone* and it declined to do so, finding that the issue was "fully considered upon the original submission and decision of the case." (Denial of Petition for Rehearing En Banc, *Malone*, Sixth Cir. Case No.

19-3880, Sixth Cir. ECF No. 49.) Indeed, the request was sent to the entire Sixth Circuit, and "[n]o judge has requested a vote on the suggestion for rehearing en banc" of *Malone*.

Consequently, there is no evidence that *Malone* has left confusion in its wake. No district court has found that *Malone* did anything other than clarify the respective burdens applicable under Rule 12(b)(2) motions decided without the benefit of discovery or an evidentiary hearing.

The Court concludes with an observation. The motion addressed in this opinion is without merit. Although Daiken never asked for one, a conference will be scheduled to craft an expedited discovery timeline dealing solely with the issue of personal jurisdiction. The defendant is entitled to contest personal jurisdiction; it is not entitled to distort the caselaw that applies in this case. Archroma, who joined in the previously filed motion for reconsideration, may participate in this conference and expedited discovery timeline directed solely at whether this Court possesses personal jurisdiction over these two foreign defendants.

### IV.

For the reasons stated above, the Court **DENIES** Daikin's Petition for Permission to Appeal Under 28 U.S.C. § 1292(b). (ECF No. 188.)

**IT IS SO ORDERED.**

**2/17/2021**                                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                              **UNITED STATES DISTRICT JUDGE**