**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 27, 2023

Mr. Kamran Benjamin Ahmadian
BakerHostetler
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025

Mr. D. Matthew Allen
Carlton Fields
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607

Mr. Robert Alan Bilott
Taft, Stettinius & Hollister
425 Walnut Street
Suite 1800
Cincinnati, OH 45202

Mr. William Earle Braff
Taft, Stettinius & Hollister
425 Walnut Street
Suite 1800
Cincinnati, OH 45202

Mr. Matthew S. Brown
Carlile Patchen & Murphy
950 Goodale Boulevard
Suite 200
Columbus, OH 43212

Mr. Jeffrey S. Bucholtz
King & Spalding
1700 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC 20006

Ms. Andrea Butler
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

Mr. David John Butler
Taft Stettinius & Hollister
41 S. High Street
Suite 1800
Columbus, OH 43215

Mr. Louis A. Chaiten
Jones Day
901 Lakeside Avenue, E.
Cleveland, OH 44114

Mr. Scott A. Chesin
Shook, Hardy & Bacon
1325 Avenue of the Americas
28th Floor
New York, NY 10019

Ms. Aleacia Chinkhota
American Chemistry Council
700 Second Street, N.E.
Washington, DC 20002

Mr. Erik J. Clark
Organ Law
1330 Dublin Road
Columbus, OH 43215

Mr. Paul D. Clement
Clement & Murphy
706 Duke Street
Alexandria, VA 22314

Mr. Jeffrey A. Cohen
Carlton Fields
700 N.W. First Avenue
Suite 1200
Miami, FL 33136

Mr. Peter C. Condron
Crowell & Moring
1001 Pennsylvania Avenue, N.W., Eighth Floor
Washington, DC 20004

Mr. Kyle Cutts
BakerHostetler
127 Public Square, Suite 2000
Cleveland, OH 44114

Ms. Melanie Black Dubis
Parker Poe Adams & Bernstein
P.O. Box 389
Raleigh, NC 27602-0389

Mr. Nathaniel Garrett Foell
Carlton Fields
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL 33607

Mr. Theodore M. Grossman
Jones Day
250 Vesey Street
New York, NY 10281

Mr. Kristofor T. Henning
McCarter & English
1600 Market Street
Suite 3900
Philadelphia, PA 19103

Mr. Aaron M. Herzig
Taft, Stettinius & Hollister
425 Walnut Street
Suite 1800
Cincinnati, OH 45202

Mr. Samuel Edward Hofmeier
Bryan Cave Leighton Paisner LLP
1200 Main Street, Suite 3800 One Kansas City Place
Kansas City, MO 64105

Ms. Jaren Janghorbani
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Mr. James Armand King
Porter, Wright, Morris & Arthur
41 S. High Street, Suite 2800-3200
Columbus, OH 43215

Mr. Lanny S. Kurzweil
McCarter & English
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102

Mr. Val Leppert
King & Spalding
1180 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30309

Ms. Bethany Gayle Lukitsch
BakerHostetler
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025

Mr. Jonathan Nathaniel Olivito
Taft Stettinius & Hollister
41 S. High Street, Suite 1800
Columbus, OH 43215

Mr. Shawn Joseph Organ
Organ Law
1330 Dublin Road
Columbus, OH 43215

Ms. Crystal Lohmann Parker
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Mr. Andrew John Pincus
Mayer Brown
1999 K Street, N.W.
Washington, DC 20006

Mr. Charles Edward Raynal IV
Parker Poe Adams & Bernstein
P.O. Box 389
Raleigh, NC 27602-0389

Mr. Daniel L. Ring
Mayer Brown
71 S. Wacker Drive
Chicago, IL 60606

Ms. Nicole A. Saharsky
Mayer Brown
1999 K Street, N.W.
Washington, DC 20006

Mr. James Robert Saywell
Jones Day
901 Lakeside Avenue, E.
Cleveland, OH 44114

Mr. Richard Donovan Schuster
Vorys, Sater, Seymour & Pease
P.O. Box 1008
Columbus, OH 43216-1008

Mr. Michael A. Scodro
Mayer Brown
71 S. Wacker Drive
Chicago, IL 60606

Ms. Barbara Smith
Bryan Cave Leighton Paisner
211 N. Broadway
Suite 3600
St. Louis, MO 63102

Mr. Daniel A. Spira
Sidley Austin
1 S. Dearborn Street
Suite 2100
Chicago, IL 60603

Mr. Matthew D. Thurlow
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339

Mr. Daniel J. Toal
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Mr. Brian A Troyer
BakerHostetler
127 Public Square
Suite 2000
Cleveland, OH 44114

Mr. Theodore V. Wells Jr.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

Mr. Joshua D. Yount
Mayer Brown
71 S. Wacker Drive
Chicago, IL 60606

      Re:  Case No. 22-3765, *Kevin Hardwick v. 3M Company, et al*
         Originating Case No. : 2:18-cv-01185

Dear Counsel,

 The court today announced its decision in the above-styled case.

 Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

            Yours very truly,

            Kelly L. Stephens, Clerk


            Cathryn Lovely
            Deputy Clerk

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0256p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

―――――――――――

IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION.
―――――――――――――――――――――

KEVIN D. HARDWICK,

    *Plaintiff-Appellee*,

   *v.*

3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; CHEMOURS COMPANY; ARCHROMA MANAGEMENT, LLC; ARKEMA, INC.; ARKEMA FRANCE, S.A.; AGC CHEMICALS AMERICAS, INC.; DAIKIN INDUSTRIES, LTD.; DAIKIN AMERICA, INC.; SOLVAY SPECIALTY POLYMERS, USA, LLC,

    *Defendants-Appellants*.

> No. 22-3765

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:18-cv-01185—Edmund A. Sargus, Jr., District Judge.

Argued: October 19, 2023

Decided and Filed: November 27, 2023

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.
―――――――――――

**COUNSEL**

**ARGUED:** Paul D. Clement, CLEMENT & MURPHY, PLLC, Alexandria, Virginia, for Appellants. Aaron M. Herzig, TAFT STETTINIUS & HOLLISTER LLP, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Daniel L. Ring, Joshua D. Yount, Michael A. Scodro, MAYER BROWN LLP, Chicago, Illinois, Andrew J. Pincus, Nicole A. Saharsky, MAYER BROWN LLP, Washington, D.C., Richard D. Schuster, VORYS, SATER, SEYMOUR AND PEASE LLP, Columbus, Ohio, Shawn J. Organ, Erik J. Clark, ORGAN LAW LLP, Columbus, Ohio, Lanny S. Kurzweil, MCCARTER & ENGLISH, LLP, Newark, New Jersey, Kristofor T. Henning, MCCARTER & ENGLISH, LLP, Philadelphia, Pennsylvania, Scott A. Chesin, SHOOK, HARDY & BACON LLP, New York, New York, Matthew S. Brown,

CARLILE PATCHEN & MURPHY LLP, Columbus, Ohio, Peter C. Condron, CROWELL & MORING LLP, Washington, D.C., Ronald S. Kopp, ROETZEL & ANDRESS, Akron, Ohio, Melanie Black Dubis, Charles Raynal PARKER POE, Raleigh, North Carolina, James A. King, PORTER, WRIGHT, MORRIS & ARTHUR LLP, Columbus, Ohio, Daniel A. Spira, SIDLEY AUSTIN LLP, Chicago, Illinois, Jaren Janghorbani, Theodore V. Wells Jr., Daniel J. Toal, Crystal Lohmann Parker, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York, Theodore M. Grossman, JONES DAY, New York, New York, Louis A. Chaiten, James R. Saywell, JONES DAY, Cleveland, Ohio, for Appellants.  Aaron M. Herzig, Robert A. Bilott, William E. Braff, TAFT STETTINIUS & HOLLISTER LLP, Cincinnati, Ohio, David J. Butler, Jonathan N. Olivito, TAFT STETTINIUS & HOLLISTER LLP, Columbus, Ohio, for Appellee.  Jeffrey S. Bucholtz, KING & SPALDING LLP, Washington, D.C., Samuel E. Hofmeier, BRYAN CAVE LEIGHTON PAISNER LLP, Kansas City, Missouri, Barbara A. Smith, Andrea R. Butler, BRYAN CAVE LEIGHTON PAISNER LLP, St. Louis, Missouri, Brian A. Troyer, Kyle T. Cutts, BAKER & HOSTETLER LLP, Cleveland, Ohio, Bethany G. Lukitsch, Kamran B. Ahmadian, BAKER & HOSTETLER LLP, Los Angeles, California, Matthew D. Thurlow, BAKER & HOSTETLER LLP, Washington, D.C., D. Matthew Allen, Nathaniel G. Foell, CARLTON FIELDS, Tampa, Florida, Jeffrey A. Cohen, CARLTON FIELDS, Miami, Florida, for Amici Curiae.

---

## OPINION

---

KETHLEDGE, Circuit Judge.  Seldom is so ambitious a case filed on so slight a basis. The gravamen of Kevin Hardwick's complaint is that his bloodstream contains trace quantities of five chemicals—which are themselves part of a family of thousands of chemicals whose usage is nearly ubiquitous in modern life.  Hardwick does not know what companies manufactured the particular chemicals in his bloodstream; nor does he know, or indeed have much idea, whether those chemicals might someday make him sick; nor, as a result of those chemicals, does he have any sickness or symptoms now.  Yet, of the thousands of companies that have manufactured chemicals of this general type over the past half-century, Hardwick has chosen to sue the ten defendants present here.  His allegations regarding those defendants are both collective—rarely does he allege an action by a specific defendant—and conclusory.  Yet Hardwick sought to represent a class comprising nearly every person "residing in the United States"—a class from which, under Civil Rule 23(c), nobody could choose to opt out.  And as relief for his claims,

No. 22-3765                *In re E. I. du Pont de Nemours and Co.*                Page 3
                                        *C-8 Personal Injury Litig.*

Hardwick asked the district court to appoint a "Science Panel"—whose conclusions, he said, "shall be deemed definitive and binding on all the parties[.]"

The district court, for its part, certified a class comprising every person residing in the State of Ohio—some 11.8 million people. The defendants now appeal that order, arguing (among many other things) that Hardwick lacks standing to bring this case. We agree with that argument, and remand with instructions to dismiss the case.

I.

The family of chemicals at issue here are called PFAS, which is short for per- and polyfluoroalkyl substances. All PFAS compounds feature exceptionally strong bonds between carbon and fluorine atoms; but different kinds of PFAS differ as to the length of their carbon chains and isomer type (branched as opposed to linear), among other things. According to the record here, some PFAS have—in the human body—an "elimination half-life" measured in days, whereas for others that period is measured in years. Together, PFAS include thousands of different compounds.

For most if not nearly all Americans, interaction with materials containing PFAS is a fact of daily life. PFAS entered mass production in the 1950s and have been used ever since in innumerable applications, including medical devices, automotive interiors, waterproof clothing and outdoor gear, food packaging, firefighting foam, non-stick cookware, ski and car waxes, batteries, semiconductors, aviation and aerospace construction, paints and varnishes, and building materials. Not surprisingly, then, the risks of PFAS exposure have long been the subject of scientific research, including a pending "national, Multi-site Study" by the Center for Disease Control and Prevention. *Pease Study*, https://www.atsdr.cdc.gov/pfas/activities/pease.html (last visited Nov. 27, 2023).

Kevin Hardwick served as a firefighter for over 40 years, and in that role he used firefighting foams that contained PFAS. He does not know what companies manufactured those foams. In connection with this litigation, Hardwick submitted to a blood draw that revealed the

presence of five particular PFAS compounds in his blood. He does not know whether those particular PFAS were present in the foams he used.

Hardwick brought this suit in 2018, alleging that the "Defendants" caused his blood to be contaminated with PFAS. He thereafter moved to certify a class made up of every person "residing within the United States at the time of class certification for one year or more since 1977 with 0.05 parts per trillion (ppt) or more of PFOA [which is a particular type of PFAS] and at least 0.05 ppt or more of any other PFAS in their blood serum." Those trace amounts, the parties agree, are present in the blood of every person residing in the United States; and according to one of the defendants' experts, at least, those amounts are "orders of magnitude" less than the amounts currently detectable by any testing.

The district court granted Hardwick's motion in part, and certified under Civil Rule 23(b)(2) a class that includes every person "subject to the laws of Ohio" who has "0.05 parts per trillion (ppt) of PFOA (C-8) and at least 0.05 ppt of any other PFAS in their blood serum." The defendants petitioned under Civil Rule 23(f) for interlocutory review of that order. We granted that petition. *In re E.I. DuPont de Nemours & Co. C-8 Personal Injury Litig.*, No. 22-0305, 2022 WL 4149090, at *1, 10 (6th Cir. Sept. 9, 2022).

II.

A.

A threshold question is whether Hardwick has standing to proceed with his claims against these defendants. Standing is a prerequisite to the federal courts' jurisdiction over this case, and thus falls within the scope of this Rule 23(f) appeal. *See Fox v. Saginaw Cnty.*, 67 F.4th 284, 292 (6th Cir. 2023). We review de novo the district court's determination that Hardwick has standing to assert his claims against each of the defendants here. *Id.*

The elements of standing are familiar: "Plaintiffs must have suffered an injury. They must trace this injury to the defendant. And they must show that a court can redress it." *Id.* at 293. Every element of that inquiry is particularized: the court must carefully examine

"a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted" against a particular defendant. *Allen v. Wright*, 468 U.S. 737, 752 (1984); *see also Fox*, 67 F.4th at 293; *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008). Moreover, that Hardwick brought this case as a putative class action "adds nothing to the question of standing." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (cleaned up); *see also Fox*, 67 F.4th at 294 (same). Instead, like any plaintiff, Hardwick must show the existence of his own "case or controversy" as to every defendant he has chosen to sue here. *Fox*, 67 F.4th at 294.

To that end, Hardwick must establish standing "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Hardwick's case comes to us after class certification but before merits discovery. He says we should determine standing based on the pleadings alone; the defendants say we should consider the record as a whole. We need not resolve that dispute: the pleadings alone, along with some undisputed facts, are enough to decide the issue here.

B.

Even at the pleadings stage, of course, a complaint must do more than just check the boxes for the elements necessary for a claim to proceed. Instead, Civil Rule 8(a)(2) requires a plaintiff to allege facts "providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (internal quotation marks omitted). And the complaint's factual allegations, taken as true, "must be enough to raise a right to relief above the speculative level." *Id*. at 555. That means the complaint must allege facts supporting an inference that the defendant's liability is plausible, rather than just possible. *Id*. at 556-57.

Here, the defendants argue that Hardwick has failed to allege facts that plausibly support any element of standing. We choose to begin and end, however, with the element of traceability. That element, to reiterate, requires a showing that the plaintiff's "injury was likely caused by the

defendant"—or in this case, by each of the ten defendants. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Hardwick's alleged injury, by his own account, is the presence of five particular PFAS compounds in his blood. He must therefore show that he has alleged facts plausibly supporting an inference that each defendant "likely caused" at least one of those PFAS compounds to end up in his blood. *Id*.

For two reasons, Hardwick has failed to carry that burden as to any of the defendants here. First, Hardwick and the district court alike treat the defendants as a collective. The subject of nearly every verb in the "General Factual Allegations" section of Hardwick's First Amended Complaint is "Defendants." Hardwick alleged, for example, that "Defendants" manufactured PFAS and "released such PFAS materials into the environment"; that "Defendants repeatedly assured and represented to governmental entities" that PFAS were safe; and that "Defendants encouraged the continued and even further increased use and release into the environment of PFAS." The district court analyzed traceability the same way, referring to the actions of "Defendants" throughout, and concluding that "Plaintiff has adequately shown that his injuries are fairly traceable to Defendants."

But the Supreme Court has long made clear that "standing is not dispensed in gross." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006). That means a plaintiff cannot sue ten defendants—by lumping them all together in his allegations—when the more particular facts would allow him to proceed against only one. (Much less none.) For even a plaintiff "who meets the 'actual-injury requirement'"—a point sharply contested here—"does not thereby obtain a license to sue anyone over anything." *Fox*, 67 F.4th at 293. Instead, the plaintiff must tie his injury "to each defendant." *Id*. Hardwick has not even tried to make that more specific showing in this case.

Second, the allegations in Hardwick's complaint are "conclusory," which means they fall short even at the pleadings stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Here, nobody disputes that thousands of different compounds fall under the heading of PFAS; one of the defendant's experts puts the number of different PFAS at 5,000-10,000, which is roughly the number of known species of mammals on Earth. Wait Rep., ECF 200-5, PageID 5351;

Connor J. Burgin et al., *How many species of mammals are there?*, 99 J. MAMMALOGY 1, 1 (2018). Only five of these compounds are present in Hardwick's blood. To allege simply that these defendants manufactured or otherwise distributed "PFAS," therefore, is patently insufficient to support a plausible inference that any of them bear responsibility for the particular PFAS in Hardwick's blood. Yet nowhere in his complaint, for example, did Hardwick allege that any of these defendants, much less every one of them, manufactured any of those five compounds. Nor did he allege any plausible pathway by which any of these defendants could have delivered any of these five PFAS to his bloodstream. Instead, he simply alleged that "Defendants" manufactured and distributed "one or more PFAS materials, including in Ohio and this District, in such a way as to cause the contamination of Plaintiff's and the class members' blood[.]" That is a textbook example of the type of "the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has found inadequate. *Iqbal*, 556 U.S. at 678.

Hardwick has not alleged facts supporting a plausible inference that any of these defendants caused these five particular PFAS to end up in his blood. Indeed, Hardwick failed to offer any argument to that effect in his brief or when questioned specifically about this point at oral argument. He elides rather than meets the Supreme Court's requirements as to pleadings and traceability. Hardwick therefore lacks standing to proceed with his claims.

\* \* \*

The district court's certification order is vacated, and the case is remanded with instructions to dismiss the case for lack of jurisdiction.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-3765

IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION.

_____

KEVIN D. HARDWICK,

    Plaintiff - Appellee,

v.

3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; CHEMOURS COMPANY; ARCHROMA MANAGEMENT, LLC; ARKEMA, INC.; ARKEMA FRANCE, S.A.; AGC CHEMICALS AMERICAS, INC.; DAIKIN INDUSTRIES, LTD.; DAIKIN AMERICA, INC.; SOLVAY SPECIALTY POLYMERS, USA, LLC,

    Defendants - Appellants.

**FILED**
Nov 27, 2023
KELLY L. STEPHENS, Clerk

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's certification order is VACATED and REMANDED with instructions to dismiss the case for lack of jurisdiction.

**ENTERED BY ORDER OF THE COURT**

_____
Kelly L. Stephens, Clerk